Affirmed and Memorandum Opinion filed March 4, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00524-CV

___________________

 

WOODWAY DRIVE LLC A/K/A FIRST RELIANCE
METERING LP, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 189th District Court

Harris County,
Texas



Trial Court Cause No. 2008-53026

 



 

 

MEMORANDUM OPINION

            Woodway Drive L.L.C. and First Reliance Metering L.P.
appeal from the trial court’s order granting Harris County Appraisal District’s
(“HCAD”)[1]
plea to the jurisdiction.  We affirm.

I.  Factual and Procedural Background

            The
property at issue is located at 7660 Woodway Drive in Houston, Texas.  Despite
the fact that First Reliance sold the property on December 15, 2006, to Woodway,
First Reliance filed a notice of protest with HCAD’s Appraisal Review Board
protesting the 2008 tax assessment for the property.  

            On
September 2, 2008, First Reliance filed an original petition in the trial court
challenging the Review Board’s determination.  On April 2, 2009, HCAD filed a
plea to the jurisdiction arguing that the trial court lacked subject matter
jurisdiction because First Reliance was not the owner of the property as of
January 1, 2008, and only the property owner had standing to appeal from the
Review Board’s order.  HCAD attached to its plea a copy of the warranty deed in
which First Reliance sold the property to Woodway.  On May 7, 2009, First
Reliance amended its petition naming Woodway as a plaintiff in the suit for
judicial review of the Board’s order.  Appellants responded to HCAD’s plea to
the jurisdiction, arguing that the procedural defects had been corrected by
applying section 42.21(e)(1) of the Texas Tax Code to correct or change the
name of the plaintiffs.  Appellants further argued that Woodway was a common
name for both appellants and that Texas Rule of Civil Procedure 28 permits it
to amend a petition to include Woodway as the true name of the property owner. 


            On
May 8, 2009, the trial court granted HCAD’s plea to the jurisdiction and
dismissed the suit.  In two issues, appellants contend that the trial court
erred in granting the plea to the jurisdiction because appellants had standing
to file suit pursuant to section 42.21 of the Tax Code and because Rule 28
permits substitution of the true name of the plaintiff.

II.
Standard of Review

Standing is a component of subject-matter
jurisdiction that cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).  If a party does not have
standing, a trial court has no subject-matter jurisdiction to hear the case.  Id.
at 444–45.  A trial court’s jurisdiction to hear the subject matter of a
dispute may be challenged by filing a plea to the jurisdiction.  See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail on a plea to the jurisdiction
by demonstrating that, even if all the plaintiff’s pleaded allegations are
true, an incurable jurisdictional defect remains on the face of the pleadings
that deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In determining a plea to the
jurisdiction, a trial court may consider the pleadings and any evidence
pertinent to the jurisdictional inquiry.  Bland, 34 S.W.3d at 554–55.

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings
liberally in favor of the pleader and look to the pleader’s intent to determine
whether the facts alleged affirmatively demonstrate the trial court’s
jurisdiction to hear the cause.  See id.  

III.
Analysis

            In
two issues, appellants assert that the trial court erred in granting the plea
to the jurisdiction.  Specifically, appellants contend that First Reliance
timely amended its petition to include Woodway as a party pursuant to section
42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil Procedure 28.

A.        Standing

This court recently addressed both of these arguments
in BACM 2002 PB2 Westpark Dr LP v. Harris County Appraisal District, No.
14-08-00493-CV, 2009 WL 2145922 (Tex. App.—Houston [14th Dist.] June 21, 2009,
no pet.) (mem. op.), and we reach the same outcome here.

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court.  Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.)  Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court.  Failure to timely file a petition bars any appeal under the chapter. 
Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).  Section 42.01 of the Tax
Code specifies that a property owner is entitled to appeal an order of the
appraisal review board determining a protest by the property owner as provided
by sections 41.41 et seq. of the Property Tax Code.  Id. §
42.01(1)(A).  Alternatively, a property owner may designate a lessee or an
agent to act on the property owner’s behalf for any purpose under the Property
Tax Code, including filing a tax protest.  Id. §§ 1.111 (Vernon 2008)
(authorizing a designated lessee or agent to act for a property owner),
41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner
in certain circumstances).

Therefore, to qualify as a “party who appeals” by
seeking judicial review of an appraisal-review board’s tax determination under
section 42.21(a), appellants had to be an owner of the property, a designated
agent of the owner, or the authorized lessee of the property under the
circumstances stated in section 41.413.  A party who does not meet one of the
above criteria would lack standing under the Property Tax Code.  BACM,
2009 WL 2145922, at *3.  If the litigant lacks standing, the trial court is
deprived of subject-matter jurisdiction to consider a suit for judicial review
based on an ad valorem tax protest.  Id.

Here, First Reliance did not own the property as of
January 1, 2008.  First Reliance did not claim rights to protest under the
Property Tax Code as either a lessee or an agent.  Therefore, First Reliance
lacked standing to pursue judicial review as a “party who appeals” under
section 42.21(a).  The record does not reflect that Woodway pursued its right
of protest as the actual property owner.  According to the record, Woodway was
not named as a party until May 7, 2009 when First Reliance filed a first
amended original petition.  Therefore, the Review Board had not determined a
protest by the actual property owner, Woodway, upon which Woodway could premise
a right to appeal as the property owner.  See Tex. Tax Code Ann. §§
42.01(1)(A), 42.21(a); BACM, 2009 WL 2145922, at *4. 

B.        Application of Section 42.21(e)(1)

Appellants also contend the trial court had
jurisdiction because section 42.21(e)(1) allows amendment of a timely filed
petition “to correct or change the name of a party.”  See Tex. Tax Code
Ann. § 42.21(e)(1); BACM, 2009 WL 2145922, at *5.  We disagree, for the
same reasons announced in BACM.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[2]  See Tex. Tax
Code Ann.  42.21(e)(1).  To seek judicial review
under Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.  Id. § 42.21(a).  

First Reliance timely filed a petition for review;
however, First Reliance did not own the property on January 1, 2008, and thus
lacked standing to seek judicial review.  See BACM, 2009 WL 2145922, at
*5.  Appellants’ argument that subsection 42.21(e)(1) operates to allow First
Reliance to correct or change the party’s name presupposes that Woodway was a
proper party entitled to seek judicial review.  Id.  However, Woodway
did not pursue its right to protest as the property owner.  When no proper
party timely appealed to the district court, the trial court did not acquire
subject-matter jurisdiction, and the Review Board’s determination became
final.  See id.  We overrule appellants’ first issue.

C.        Application of Texas Rule of Civil
Procedure 28     

Lastly, appellants argue the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Woodway as First Reliance’s “true name.”  Rule 28
states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court’s own motion the true name may be substituted.

Tex. R. Civ. P. 28.  

In this case, First Reliance attempted to substitute
its “true name” Woodway by filing an amended original petition and arguing Rule
28 permitted the substitution.  For a party to take advantage of Rule 28 and
sue in its common name, there must be a showing that the named entity is in
fact doing business under that common name.  Seidler v. Morgan, 277
S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).  Whether an entity
does business under an assumed or common name is a question of fact for the
trial court.  Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).   

Appellants did not make a showing that Woodway was in
fact doing business under the common name First Reliance, nor was there
evidence that appellants used First Reliance as a common name to warrant
application of Rule 28.  Compare Sixth RMA Partners, 111 S.W.3d
at 52 (concluding evidence supported assumed-name finding when Sixth RMA
presented evidence that RMA Partners, L.P. was used as trade name for various
RMA partnerships, RMA letterhead was used, and payments on notes were made to
RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999)
(stating some evidence supported application of Rule 28 when stationery and
phone-number listing used by one-person professional association contained name
of individual).[3] 
Accordingly, we overrule appellants’ second issue on appeal.

The trial court’s judgment is affirmed.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

 









[1] Appellants’ pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants.  Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary party,
we consider HCAD the only appellee properly before this court.  See BACM
2002 PB2 Westpark Dr. LP v. Harris County Appraisal Dist., 14-08-00493-CV,
2009 WL 2145922 at 1, n. 1 (Tex. App.—Houston [14th Dist.] June 21, 2009, no
pet.) (mem. op.).





[2] Appellants do not argue
that Subsection (c) applies to this case.





[3] Although appellants cite
HCAD’s records that reflect First Reliance as the property owner even after the
property sale, HCAD’s records alone are not sufficient to establish Woodway
operated its business under the common name of First Reliance.  See
KM-Timbercreek, LLC v. Harris County Appraisal Dist., — S.W.3d —, No.
01-08-00689-CV, 2009 WL 3321332, at *7 (Tex. App.—Houston [1st Dist.] Oct. 15,
2009, no pet.) (stating only Timbercreek could establish whether it operated
its business under an assumed or common name).  There is no evidence that
Woodway held itself out as First Reliance or requested HCAD refer to it as
First Reliance in its records.  Id.