**ULTRASOUND TECHNICAL SERVICES, INC.,**
**Appellant,**

**v.**

**DALLAS CENTRAL APPRAISAL DISTRICT, Appellee.**

**No. 05–10–00626–CV.**

Court of Appeals of Texas, Dallas.

Dec. 30, 2011.

G. Walter McCool, McCool Law Firm, P.C., Dallas, TX, for Appellant.

Peter G. Smith, Braden Metcalf, Victoria W. Thomas, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., for Appellee.

## OPINION

Opinion By Justice LANG.

Appellant Ultrasound Technical Services, Inc. (UTSI), a for-profit school, appeals from the denial of its application for a tax exemption filed pursuant to § 11.21 of the Texas Tax Code. TEX. TAX CODE ANN. § 11.21(d)(3), (5) (West Supp. 2011). Section 11.21 provides for a tax exemption only for non-profit schools, and appellee Dallas Central Appraisal District (the District) denied the application because UTSI is not a non-profit school. As its sole point on appeal, UTSI asserts the District should not have denied the application and UTSI should be entitled to a tax exemption. UTSI claims subsections (d)(3) and (d)(5) of § 11.21 of the Tax Code are unconstitutional because the Legislature exceeded its authority by limiting the tax exemption to non-profit schools in light of the language of article VIII, section 2(a) of the Texas constitution that provides no such limitation. The Texas constitution states in relevant part the Legislature "may" exempt from taxation "all buildings used ... for school purposes." TEX. CONST. art. VIII, § 2(a). We decide against appellant and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the agreed statement of facts submitted to the trial court, UTSI operates a for-profit school. It applied for a tax exemption for the school's business personal property for tax year 2008 pursuant to § 11.21 of the Tax Code. However, § 11.21 specifically provides for an exemption only for qualifying schools, those which, inter alia, "operate[ ] in a way that does not result in accrual of distributable profits." TEX. TAX CODE ANN. § 11.21(d)(3). The District denied UTSI's application because UTSI did not meet the requirements of § 11.21. UTSI appealed the District's

order to the Dallas County Appraisal Review Board, and it likewise denied UTSI's application. UTSI filed a petition for review in the district court based solely on constitutional grounds. UTSI and the District submitted the case on an agreed statement of facts, and the trial court rendered a take-nothing judgment in favor of the District, holding that UTSI is not entitled to an exemption.

## II. JURISDICTION

We first address a jurisdictional issue raised by the District during oral submission. The District argued that this Court lacks jurisdiction to hear the instant case because the Attorney General was not served with notice at the trial level. We cannot agree with the District's contention we do not have jurisdiction. This suit was brought by UTSI under Chapter 42 of the Tax Code.[1] Notice to the Attorney General is required when challenging the constitutionality of a statute under the Declaratory Judgments Act, but not under Chapter 42 of the Tax Code. *Alexander Ranch, Inc. v. Cent. Appraisal Dist. of Erath Cnty.*, 733 S.W.2d 303, 305 (Tex.App.-Eastland 1987, writ ref'd n.r.e.), *disapproved on other grounds by HL Farm Corp. v. Self*, 877 S.W.2d 288 (Tex.1994). We decide against the District as to its challenge to jurisdiction.

## III. CONSTITUTIONALITY OF § 11.21(d)(3), (5) OF THE TEXAS TAX CODE

Article VIII, section 2(a) of the Texas constitution provides, inter alia, the Legislature "may" exempt from taxation "all buildings used . . . for school purposes and the necessary furniture of all schools." TEX. CONST. art. VIII, § 2(a). UTSI, a for-profit school, contends subsections (d)(3) and (d)(5) of § 11.21 of the Tax Code are unconstitutional because the Legislature exceeded its authority by limiting the tax exemption to non-profit schools because, article VIII, section 2(a) of the constitution provides no such limitation. The District contends the trial court properly held § 11.21 properly "implements the constitutional tax exemption for schools because it does not expand the scope of the exemption beyond the constitutional authority on which it is based."

### A. Standard of Review

The parties presented this case to the trial court pursuant to rule 263 on an agreed statement of facts. *See* TEX.R. CIV. P. 263.

> An agreed statement of facts under rule 263 is similar to a special verdict; it is the parties' request for judgment under the applicable law. The only issue on appeal is whether the trial court properly applied the law to the agreed facts. The appellate court is limited to those facts unless other facts are necessarily implied from the express facts in the statement. In an appeal of an "agreed" case, there are no presumed findings in favor of the judgment, and the pleadings are immaterial.

*State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex.App.-Fort Worth 1996, writ denied) (internal citations omitted). We review the trial court's judgment de novo. *Id.*

---

1. Chapter 41 of the Tax Code provides property owners the right to protest the appraised value of their property to the local appraisal-review board. *KM–Timbercreek, LLC v. Harris Cnty. Appraisal Dist.*, 312 S.W.3d 722, 726 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd)

(citing TEX. TAX CODE ANN. §§ 41.41–.47). Chapter 42 of the Code provides the right to seek judicial review of an adverse protest determination by the appraisal-review board. *Id.* (citing TEX. TAX CODE ANN. §§ 42.01–.031).

## B. Applicable Law

The Constitution itself does not exempt property from taxation; rather it authorizes the Legislature to provide specific exemptions by statute within certain parameters. *Dickison v. Woodmen of the World Life Ins. Soc'y,* 280 S.W.2d 315, 317 (Tex.Civ.App.-San Antonio 1955, writ ref'd). "[W]hile the Legislature may restrict" an exemption authorized in the constitution, it may not "broaden" or "enlarge" a tax exemption "beyond the constitutional confines." *Id.* at 317–18. When reviewing the constitutionality of a statute, this court must presume that the statute is valid. *HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). The presumption of a statute's validity will be overturned only when its invalidity is apparent beyond a reasonable doubt. *State v. City of Austin,* 160 Tex. 348, 331 S.W.2d 737, 747 (1960).

Article VIII, section 2(a) of the Texas constitution provides the following "parameters": "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation . . . all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools." TEX. CONST. art. VIII, § 2(a).

Section 11.21 of the Tax Code provides, in part, as follows:

(a) A person is entitled to an exemption from taxation of:

(1) the buildings and tangible personal property that the person owns and that are used for a school that is qualified as provided by Subsection (d) if:

. . .

(d) To qualify as a school for the purposes of this section, an organization (whether operated by an individual, as a corporation, or as an association) must:

(1) be organized and operated primarily for the purpose of engaging in educational functions;

(2) normally maintain a regular faculty and curriculum and normally have a regularly organized body of students in attendance at the place where its educational functions are carried on;

(3) be operated in a way that *does not result in accrual of distributable profits,* realization of private gain resulting from payment of compensation in excess of a reasonable allowance for salary or other compensation for services rendered, or realization of any other form of private gain and, if the organization is a corporation, be organized as a nonprofit corporation as defined by the Texas Non–Profit Corporation Act;

(4) use its assets in performing the organization's educational functions or the educational functions of another educational organization; and

(5) by charter, by law, or other regulation adopted by the organization to govern its affairs direct that *on discontinuance of the organization by dissolution or otherwise the assets are to be transferred* to this state, the United States, or an educational, charitable, religious, or other similar organization that is qualified as a charitable organization under Section 501(c)(3), Internal Revenue Code of 1954, as amended.

*Id.* § 11.21(d) (emphasis added).

## C. Application of Law to Facts

UTSI contends it "qualifies for the exemption under the plain language of [the constitution]," but is "arbitrarily excluded"

from tax-exempt status due to the "discriminatory provisions" of the § 11.21(d)(3) and (5) that permit only non-profit schools to obtain tax exemptions. The District argues the Legislature may add requirements to a constitutionally created tax exemption as long as the statute does not constitute an unreasonable interpretation of the constitutional language and implements the intent of the constitutional framers. According to the District, the statute does not constitute an unreasonable interpretation and is valid.

■ First, we address UTSI's argument that but for the "discriminatory provisions" of § 11.21, it would "qualify for the exemption under the plain language of the constitution." We cannot agree. An entity qualifies for a tax exemption only if it meets the requirements of both the constitution and the statute. *See, e.g., City of McAllen v. Evangelical Lutheran Good Samaritan Soc'y,* 530 S.W.2d 806, 811 (Tex.1975); *Hilltop Village, Inc. v. Kerrville Indep. Sch. Dist.,* 426 S.W.2d 943, 946 (Tex.1968). UTSI acknowledges it does not meet the statutory requirements.

Second, we address UTSI's contention that "the supreme court recognized that a for-profit school qualifies for the school property exemption under the constitution." It cites *Smith v. Feather,* 149 Tex. 402, 234 S.W.2d 418 (1950), for this proposition. Once again, we cannot agree. There is a critical distinction between *Smith* and the instant case: the *Smith* court held the for-profit school in that case constituted a school "within the terms of the [1931] statute." *Id.* at 407, 234 S.W.2d 418. Section 11.21 is a materially different statute than the 1931 statute, which provided an exemption to "all such buildings used exclusively and owned by persons or associations of persons for school purposes." *Id.* at 404–05, 234 S.W.2d 418.

The constitution provides the Legislature "may" exempt "schools" from taxation. However, the Legislature has enacted § 11.21, which exempts a subset of schools—non-profit schools. The Legislature is empowered to "restrict" this statutory exemption authorized by the constitution and has not "enlarged" it "beyond the constitutional confines." *See Dickison v. Woodmen of the World Life Ins. Soc'y,* 280 S.W.2d 315, 317 (Tex.Civ.App.-San Antonio 1955, writ ref'd). We decide against UTSI on its sole issue.

### IV. CONCLUSION

We conclude UTSI's constitutional challenge to subsections (d)(3) and (d)(5) of § 11.21 of the Tax Code are not meritorious. Also, because UTSI acknowledges it does not meet the statutory requirements as a qualifying "school" under § 11.21, it is not entitled to the tax exemption. We affirm the judgment of the trial court.