**WOMACK MACHINE SUPPLY COMPANY OF HOUSTON, Petitioner,**

v.

**FANNIN BANK, Respondent.**

No. B–4293.

Supreme Court of Texas.

Jan. 30, 1974.

Saccomanno, Clegg, Martin & Kipple, Maurice Bresehan, Jr., and Albert H. Wingate, Houston, for petitioner.

Fulbright, Crooker & Jaworski, Russell Talbot and Barry N. Beck, Houston, for respondent.

PER CURIAM.

Womack Machine Supply Company of Houston brought this suit against Fannin Bank to recover sums paid on stolen checks. The trial court rendered judgment non obstante veredicto for Fannin Bank, and the Court of Civil Appeals reversed and rendered. 499 S.W.2d 917. Both parties have filed applications for writs of error.

Fannin Bank's application for writ of error urges that the Court of Civil Appeals erred in holding that the statute of limitations was tolled by the filing of a suit in which the plaintiff Womack was misnamed. We agree with the Court of Civil Appeals' disposition of this question.

Womack's application for writ of error seeks recovery of pre-judgment interest. The Court of Civil Appeals rendered judgment for Womack for $16,613.-21, the amount of those checks wrongfully cashed during the two-year period preceding the filing of Womack's first original petition on March 25, 1970. The judgment made no provision for recovery of prejudgment interest. Womack is entitled to recover interest on the checks wrongfully cashed from the date each was cashed, but none earlier than March 25, 1968, until December 15, 1972, at the legal rate of 6%. Davidson v. Clearman, 391 S.W.2d 48 (Tex.1965). Pursuant to Rule 483, Tex.R. Civ.P., upon granting the applications for writ of error and without hearing argument in the case, we reverse the judgment of the Court of Civil Appeals and remand the cause to the trial court to render judgment in accordance with this opinion.