**KM–TIMBERCREEK, LLC, commonly known as KMI Yorktown, LP, as The Property Owners and The Property Owners, Appellants,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 01–08–00689–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 15, 2009.

Hugh L. McKenney, McKenney & Associates, P.C., Houston, TX, for Appellants.

G. Todd Stewart, Olson & Olson, L.L.P., Janice N. Rich, Houston, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices BLAND and MASSENGALE.

## OPINION

JANE BLAND, Justice.

KM–Timbercreek, LLC ("Timbercreek"), appeals from the trial court's order granting Harris County Appraisal District's ("HCAD") plea to the jurisdiction and denying a Rule 28 motion filed by the initial plaintiff, KMI Yorktown, LP ("Yorktown"), to substitute the "true name" of Timbercreek for that of Yorktown as plaintiff. After pursuing an administrative protest of HCAD's 2007 valuation of the property, Yorktown sued to challenge the Appraisal Review Board's ("the Board")[1] Order Determining Protest. HCAD discovered that Timbercreek, and not Yorktown, was the record legal owner of the property on January 1, 2007, and thus Timbercreek was the proper party to pursue a protest. HCAD subsequently filed a plea to the jurisdiction, alleging Yorktown lacked standing to seek

---

1. Yorktown's original petition and notice of appeal list both the Harris County Appraisal District and the Appraisal Review Board of HCAD as defendants. However, the record does not indicate that the Board appeared in the trial court. HCAD represents that the Board was neither served, nor did it appear. An appraisal review board is not a necessary party to a petition for judicial review of the board's order. TEX. TAX CODE ANN. § 42.21(b) (Vernon Supp.2009). Since the Board is not a necessary party, and the record does not affirmatively demonstrate that the Board was served or that it appeared, we hold that HCAD is the only appellee properly before this court. We also hold that the judgment of dismissal is final despite not disposing of appellant's claims against the Board. *See In re Sheppard,* 193 S.W.3d 181, 187 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding) (holding that judgment expressly disposing of served defendants, but not unserved defendants, is final for purposes of appeal) (citing *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex.1962)).

judicial review of the Board's order. Timbercreek challenges the trial court's order, contending that: (1) both Yorktown and Timbercreek have standing to seek judicial review of the Board's order; (2) Section 42.21(e) of the Texas Tax Code allows the amendment of a timely filed petition to correct or change the name of a party; and (3) Yorktown is the "common name" of Timbercreek, and thus the "true name" of Timbercreek may be substituted as the plaintiff pursuant to Texas Rule of Civil Procedure 28. We conclude that Yorktown was not the record owner of the property on January 1, 2007, and Timbercreek did not complete the administrative protest process before the Board; thus, neither entity had standing to petition for judicial review of the 2007 valuation. We further conclude that no evidence in the record indicates that Yorktown is a "common name" for Timbercreek; thus, the trial court did not err in refusing to allow substitution under Rule 28. We therefore affirm.

## Background

The property at issue is located at 0 Highway 6 North in Houston. Yorktown sold the property to Timbercreek by special warranty deed on November 1, 2006. Therefore, on January 1, 2007, Timbercreek was the record legal owner of the property. Despite this change in ownership, HCAD mailed Yorktown a Notice of Appraised Value on April 25, 2007. Yorktown subsequently filed a protest with HCAD's Appraisal Review Board. On July 27, 2007, the Board issued an Order Determining Protest, mailed to O'Connor & Associates, Yorktown's designated agent for the protest process, ordering a reduction in the appraised value of the property. Timbercreek never intervened nor appeared in Yorktown's protest, and did not file its own protest of the initial appraised value with the Board.

Pursuant to section 42.21(a) of the Texas Tax Code, Yorktown timely petitioned the trial court for review of the Board order on September 13, 2007. Yorktown's original petition included several assertions that it owned the property. In attached responses to Rule 194 disclosures, Yorktown stated that "KMI Yorktown, LP" was the correct name of the plaintiff and it knew of no other potential parties to the suit. In its proposed trial preparation order, Yorktown included a proposed finding of fact that it was the owner of the property on January 1 of each of the tax years in question. Nine months later, on June 19, 2008, HCAD filed a plea to the jurisdiction, arguing that since Timbercreek was the record owner of the property on January 1, 2007, Yorktown lacked standing to seek judicial review of the Board's order under the Texas Tax Code. *See* TEX. TAX CODE ANN. § 42.01 (Vernon 2008), § 42.21(a) (Vernon Supp. 2009).

In response to HCAD's plea to the jurisdiction, Yorktown moved to allow for substitution of the "true name" of Timbercreek as plaintiff for the "common name" of Yorktown, used by HCAD in its records and correspondence, pursuant to Texas Rule of Civil Procedure 28. According to Yorktown, Timbercreek, acting under its "common name" of Yorktown, protested the Board's order and timely filed suit for review of the order, and thus had standing to pursue judicial review. The trial court granted HCAD's plea to the jurisdiction, denied Yorktown's Rule 28 motion, and dismissed the case for want of jurisdiction.

## Discussion

*Standard of Review*

 Standing is a necessary component of subject-matter jurisdiction and subject-matter jurisdiction is necessary for a court to decide a particular case. *Bland*

*Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000). If the plaintiff can cure the jurisdictional defect by amending its pleadings, then the opponent properly raises the jurisdictional challenge through special exceptions. *See Washington v. Fort Bend Indep. Sch. Dist.,* 892 S.W.2d 156, 159 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ("If a jurisdictional defect can be cured by amendment it should be challenged by either a plea in abatement or special exceptions."). If the trial court grants special exceptions, it should then afford the plaintiff the opportunity to amend its pleadings. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). If, however, the jurisdictional defect cannot be cured by amendment, a party may file a plea to the jurisdiction, and, if the trial court finds the plea meritorious, it may grant it without allowing the plaintiff an opportunity to amend. *See Brown,* 80 S.W.3d at 555; *Washington,* 892 S.W.2d at 159; *see also Blue,* 34 S.W.3d at 554 ("The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction."). A trial court decides a plea to the jurisdiction by reviewing the pleadings as well as any evidence relevant to the jurisdictional inquiry. *Blue,* 34 S.W.3d at 555. We review a trial court's ruling on a plea to the jurisdiction *de novo,* construing the pleadings liberally in favor of the plaintiffs while considering the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226, 228 (Tex.2004).

*Standing to Seek Judicial Review of the Board's Order Determining Protest*

■ Chapter 41 of the Texas Tax Code ("the Code") bestows upon property owners the right to protest the appraised value of their property to the local appraisal review board. *See* TEX. TAX CODE ANN. §§ 41.41–.47 (Vernon 2008). Rights under the Code are premised upon ownership of the property at issue. *See Koll Bren Fund VI, LP v. HCAD,* No. 01–07–00321–CV, 2008 WL 525799, at *2–3, 2008 Tex. App. LEXIS 1521, at *8–9 (Tex.App.-Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.) (citing TEX. TAX CODE ANN. §§ 32.07(a), 41.41(a)(1), 41.412(a) (Vernon 2008)). Chapter 42 of the Code provides the right to seek judicial review of an adverse protest determination by the appraisal review board. *See* TEX. TAX CODE ANN. §§ 42.01–.031 (Vernon 2008) (providing a right of appeal to the property owner, certain lessees, the chief appraiser, the county, and the taxing unit). Aside from the few specific exceptions enumerated in Chapter 42, the property owner is the only entity with standing to appeal an appraisal review board order to the district court. *Id.; see also Tourneau Houston, Inc. v. HCAD,* 24 S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.) ("As a general rule, only an owner may protest before the [Appraisal Review Board] and sue in court for relief").

■ Section 42.21(a) of the Code specifies the procedural requirements that a party seeking judicial review of an appraisal review board order must meet:

A *party who appeals as provided by this chapter* must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition for review bars any appeal under this chapter.

TEX. TAX CODE ANN. § 42.21(a) (emphasis added).[2] We recently analyzed the stand-

2. We note that while this appeal was pending, the Texas Legislature amended section 42.21(a) to extend the time to file a petition for review from forty-five days to sixty days

ing requirements of section 42.21(a) in *Koll Bren. See* 2008 WL 525799, at *3, 2008 Tex.App. LEXIS 1521, at *10. Although section 42.21(a) does not explicitly say who may be a "party," it does describe a party as one "who appeals as provided by this chapter," meaning Chapter 42 of the Tax Code. *Id.* Section 42.01, "Right of Appeal by *Property Owner*," specifically states that "[a] *property owner* is entitled to appeal ... an order of the appraisal review board determining ... a protest by the *property owner*." TEX. TAX CODE ANN. § 42.01(1)(A) (emphasis added). We concluded that the Code requires property ownership for two distinct rights: (1) the right to protest an initial appraisement before the appraisal review board; and (2) the right to appeal the appraisal review board's determination to a district court. *See Koll Bren,* 2008 WL 525799, at *3, 2008 Tex.App. LEXIS 1521, at *10–11. As a result, for a party to be entitled to judicial review, the party must be the record legal owner of the property and must protest the initial valuation to the appraisal review board. *See id.* at *3, 2008 Tex. App. LEXIS 1521, at *11.

In *Koll Bren,* we further determined that the Code entitles three categories of parties to seek judicial review: (1) owners of the property; (2) properly designated agents of the owner pursuant to section 1.11; and (3) certain lessees meeting the criteria of section 41.413. *See id.* If a plaintiff seeking judicial review does not fall into one of these three categories, then they have "neither a legal right to enforce, nor any real controversy at issue, and, therefore, no standing under the Code." *Id.* (citations omitted); *see also MHCB (USA) Leas. & Fin. Corp. v. Galveston*

*Cent. Appraisal Dist.,* 249 S.W.3d 68, 78 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

*A. Yorktown's Standing to Seek Judicial Review*

■ In its original petition, Yorktown asserted that it owned the subject property; it made no mention of Timbercreek. After HCAD filed its plea to the jurisdiction, Yorktown filed a "Supplemental Rule 28 Motion and Supplemental Response to Defendant's Plea to the Jurisdiction," acknowledging that the property owner on January 1, 2007, and the party responsible for paying the assessed taxes, was Timbercreek. Yorktown never claimed to be a designated agent or a lessee of Timbercreek. Since Yorktown is neither an agent nor a lessee of the property owner and it was not the actual property owner on January 1, 2007, Yorktown has no legal right to either protest the valuation or to seek judicial review of the Board's determination of the protest. Yorktown therefore lacks standing to appeal under section 42.21(a). *See Koll Bren,* 2008 WL 525799, at *3–4, 2008 Tex.App. LEXIS 1521, at *12.

*B. Timbercreek's Standing to Seek Judicial Review*

Timbercreek, as the record owner of the subject property on January 1, 2007, had standing to protest the initial appraised value of the property. *See* TEX. TAX CODE ANN. § 41.41(a). Despite this right and Timbercreek's argument on appeal that it "prosecuted the administrative process," Timbercreek never filed a protest of valuation with the Board or intervened in Yorktown's pending protest. As a result, the

from the board's order, effective June 19, 2009. *See* Tex. H.B. 986, 81st Leg., R.S. (2009) (enrolled version). Although we decide this case under the law in effect at the time of Yorktown's appeal to the district court

in September 2007, we also note that Timbercreek, the true property owner, did not attempt to join as plaintiff until June 2008, well after both the old forty-five-day and the new sixty-day window.

Board never determined a valuation protest brought by the actual property owner. No protest proceeding exists on which Timbercreek, as the property owner, can premise a right of appeal to the district court. *See Koll Bren,* 2008 WL 525799, at *4, 2008 Tex.App. LEXIS 1521, at *13; *see also BACM 2002 PB2 Westpark Dr. LP v. HCAD,* No. 14–08–00493–CV, 2009 WL 2145922, at *3–4, 2009 Tex.App. LEXIS 5528, at *10–11 (Tex.App.-Houston [14th Dist.] June 21, 2009, no pet. h.) (mem. op.); *Mei Hsu Acquisition Corp. a/k/a Plaza at 610 Commons, Inc. v. HCAD,* No. 01–08–00690–CV, 2009 WL 3152152, at *3, 2009 Tex.App. LEXIS 7727, at *8 (Tex.App.-Houston [1st Dist.] Oct. 1, 2009, no pet. h.) (mem. op.) (citing *Koll Bren,* 2008 WL 525799, at *2, 2008 Tex.App. LEXIS 1521, at *7).

 Section 42.09 of the Code provides that Code procedures for adjudicating a valuation protest are the exclusive remedies available to a property owner. *See* TEX. TAX CODE ANN. § 42.09(a) (Vernon 2008); *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.,* 907 S.W.2d 12, 16 (Tex.App.-Tyler 1995, writ denied). Failure to comply with the Code requirements, such as not protesting the initial valuation before the appraisal review board, deprives the reviewing district court of jurisdiction. *See Koll Bren,* 2008 WL 525799, at *4, 2008 Tex.App. LEXIS 1521, at *13 (citing *Cameron Appraisal Dist. v. Rourk,* 194 S.W.3d 501, 502 (Tex. 2006)). Since Timbercreek failed to protest the initial valuation before the appraisal review board, the Board never determined a protest by Timbercreek as the property owner. Thus Timbercreek, like Yorktown, has "[no] legal right to enforce, nor any real controversy to determine," and lacks standing to seek judicial review under section 42.21(a). *Id.* at *4–5, 2008 Tex.App. LEXIS 1521, at *14.

 Additionally, the Texas Supreme Court has held that an administrative decision by the appraisal review board is final if not appealed to the district court within forty-five days after the party received notice of the board's order. *See Rourk,* 194 S.W.3d at 502; *see also* TEX. TAX CODE ANN. § 42.21(a). This administrative process is exclusive: a property owner's failure to pursue administrative review of the initial valuation before the appraisal review board "deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Rourk,* 194 S.W.3d at 502. Since no proper party appealed to the district court within forty-five days, "the trial court never acquired subject-matter jurisdiction, and the Board's valuation became final when those 45 days expired." *Koll Bren,* 2008 WL 525799, at *5, 2008 Tex.App. LEXIS 1521, at *16; *see also Mei Hsu,* 2009 WL 3152152, at *2–3, 2009 Tex.App. LEXIS 7727, at *7.

The Fourteenth Court of Appeals previously has held that the failure to join a necessary party, such as the property owner, to a suit for judicial review within the forty-five day window is "fatal to judicial review under section 42.21." *Taufiq ex rel. Patrick O'Connor & Assocs., Inc. v. HCAD,* 6 S.W.3d 652, 654 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Even if Timbercreek pursued an administrative protest, making it a proper party to seek judicial review, Yorktown did not move under Rule 28 to substitute Timbercreek as the "true plaintiff" until July 3, 2008, a date well beyond the forty-five day window.

*Use of Section 42.21(e) to Change Yorktown to Timbercreek*

Like Koll Bren, BACM, and Plaza before it, Timbercreek contends that the trial court has jurisdiction over the dispute since section 42.21(e)(1) of the Code allows a party to amend timely filed petitions for

review to correct or change the name of a party. *See* TEX. TAX CODE ANN. § 42.21(e)(1); *Koll Bren*, 2008 WL 525799, at *4–5, 2008 Tex.App. LEXIS 1521, at *14; *BACM*, 2009 WL 2145922, at *5, 2009 Tex.App. LEXIS 5528, at *14; *Mei Hsu*, 2009 WL 3152152, at *2, 2009 Tex.App. LEXIS 7727, at *5. Both this court and the Fourteenth Court of Appeals have rejected this argument. Section 42.21(e) specifies that only petitions that are "timely filed *under Subsection (a)* or amended under Subsection (c)" may later be amended to change or correct a party's name. *See* TEX. TAX CODE ANN. § 42.21(e) (emphasis added). To seek judicial review under Subsection (a), the plaintiff must be a "party who appeals as provided by [Chapter 42]," meaning the plaintiff must be the property owner, a properly designated agent, or a lessee. Koll Bren, BACM, Plaza and Yorktown all timely filed petitions for review within the forty-five day window. But none of these parties owned the relevant property on January 1 of the tax year at issue, and thus all lacked standing to seek judicial review. *See Koll Bren*, 2008 WL 525799, at *3–4, 2008 Tex. App. LEXIS 1521, at *12; *BACM*, 2009 WL 2145922, at *3–4, 2009 Tex.App. LEXIS 5528, at *10; *Mei Hsu*, 2009 WL 3152152, at *3, 2009 Tex.App. LEXIS 7727, at *8. Since no proper party appealed the appraisal review board's determination within forty-five days, the trial court never acquired subject-matter jurisdiction and the Board's order became final after the expiration of forty-five days. *See Koll*

*Bren*, 2008 WL 525799, at *5, 2008 Tex. App. LEXIS 1521, at *16 (citing *Rourk*, 194 S.W.3d at 502); *see also Mei Hsu*, 2009 WL 3152152, at *2–3, Tex.App. LEXIS 7727, at *7 ("Here, like *Koll Bren Fund*, Plaza was not a proper party to bring the suit below and, no proper party having appealed to the district court within 45 days, the trial court properly dismissed the suit for review for want of jurisdiction.").[3]

Timbercreek also argues that since suit was brought in the name of "KMI Yorktown, LP as the property owner and the property owners," the suit encompasses Timbercreek, the record legal owner of the property, as a plaintiff. The Fourteenth Court of Appeals addressed the effect of styling the case in this manner in *BACM*. Bringing suit in this manner still presupposes that the actual property owners are proper parties to file suit. *See BACM*, 2009 WL 2145922, at *5–6, 2009 Tex.App. LEXIS 5528, at *16. Timbercreek, however, failed to exhaust administrative remedies by protesting the valuation of the property before the appraisal review board and thus, it failed to satisfy the jurisdictional prerequisites to seek judicial review. *See id.*

### Substitution Pursuant to Rule 28

Timbercreek contends that the trial court had jurisdiction to decide the case since Texas Rule of Civil Procedure 28 allows a plaintiff to sue in its assumed or "common" name, and its "true name" may be substituted later in the proceeding.

---

**3.** Timbercreek also cites to Texas Rule of Civil Procedure 37 for the proposition that parties may be substituted or added as necessary. Rule 37 provides that "[b]efore a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in … upon such terms as the court may prescribe." TEX.R. CIV. P. 37. This rule cannot be used to circumvent the requirement that plaintiffs have standing, and thus are proper

parties, to bring suit. *See Koll Bren Fund VI, LP v. HCAD*, No. 01–07–00321–CV, 2008 WL 525799, at *3, 2008 Tex.App. LEXIS 1521, at *10–11 (Tex.App.-Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.). As mentioned above, since Timbercreek failed to exhaust its administrative remedies, it lacked standing and was not a proper party to file suit. Timbercreek cannot successfully rely upon Rule 37 to permit substitution.

According to Timbercreek, since HCAD's records and correspondence refer to the owner of the property as "KMI Yorktown, LP" and not "KM–Timbercreek, LLC," Yorktown is the "common name" of Timbercreek. Rule 28 provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on motion by any party or on the court's own motion the true name may be substituted.

TEX.R. CIV. P. 28.

■ For a party to take advantage of Rule 28 and sue in its common name, "there must be a showing that the named entity is in fact *doing business under* that common name." *Seidler v. Morgan,* 277 S.W.3d 549, 553 (Tex.App.-Texarkana 2009, pet. denied) (emphasis added). For example, although others may commonly and informally use the name of the premises location to refer to a particular entity, this does not mean that the entity is "doing business under" the premises name as an assumed or common name. *Id.* Whether an entity does business under an assumed or common name is a question of fact for the trial court. *Sixth RMA Partners, L.P. a/k/a/ RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex.2003). The trial court made no explicit finding on whether Yorktown is Timbercreek's common name, and neither party requested findings of fact on this or any other issue. When neither party requests findings of fact and conclusions of law, we imply all fact findings necessary to support the trial court's judgment. *Id.* A party can challenge implied fact findings for legal sufficiency. We construe Timbercreek's contention that the trial court erred in denying a Rule 28 substitution as a legal sufficiency challenge. *See id.* ("Although Sibley does not expressly present this contention as a legal sufficiency challenge to the implied finding of fact ... we will construe it as such."). In reviewing this point, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex.2005). We must credit favorable evidence if a reasonable fact-finder could do so and we must disregard contrary evidence unless a reasonable fact-finder could not. *Id.* at 827.

■ Timbercreek offered no evidence that it was doing business under the Yorktown name. Timbercreek contends that the references to Yorktown as the property owner in HCAD's records indicate that Yorktown is Timbercreek's common name. This argument ignores the specific language used in Rule 28, which frames the appropriate inquiry as not whether HCAD refers to or addresses an entity by a particular name, but whether that entity actually does business under the common name. Although HCAD's appraisal records, account information, property tax statements, notice of appraised value, and order determining protest might be some evidence that HCAD refers to Timbercreek as Yorktown, without more, it is not evidence that Timbercreek conducts its business under the common name of Yorktown. *See also BACM,* 2009 WL 2145922, at *6–7, 2009 Tex.App. LEXIS 5528, at *19–20 (reaching the same conclusion when HCAD's designation of BACM as the property owner instead of Parkwest Place in its records was the sole evidence of common name). In contrast, the Texas Supreme Court found sufficient evidence of operation under an assumed name in *Sixth RMA Partners.* The appellants in that case produced evidence that:

Sixth RMA did not have its own stationery and that 'RMA Partners, L.P.' letterhead was used for all the various RMA partnerships. Demand notices to note holders and referrals to collection attorneys were made on the same generic 'RMA Partners, L.P.' letterhead, which set forth the Columbus, Georgia business address. Further, payments on notes owned by Sixth RMA were made to 'RMA Partners, L.P.' and an accounting was performed to distribute funds to Sixth RMA.

111 S.W.3d at 52. The Supreme Court considered this showing as some evidence that Sixth RMA Partners conducted business under the name RMA Partners, LP. *Id.*

Neither Timbercreek nor Yorktown presented comparable evidence. *See id.; see also Mei Hsu,* 2009 WL 3152152, at *4–5, 2009 Tex.App. LEXIS 7727, at *11–12 (holding that Plaza was not the common name of Mei Hsu when the record reflected only that Plaza sold the property to Mei Hsu three years prior to the valuation protest). Here, HCAD's continued designation of Yorktown as the property owner instead of Timbercreek was entirely unilateral. There is no evidence in the record that Timbercreek held itself out as Yorktown or requested that HCAD refer to it as Yorktown in the appraisal records. In a similar case involving Chapter 42 of the Tax Code, we held that HCAD's designation of one entity as an agent for another entity was inadequate to actually create the agency relationship needed for standing to protest an appraisal. *See Tourneau Houston, Inc.,* 24 S.W.3d at 909 ("HCAD cannot designate an agent for Tourneau, Inc. Only the owner, Tourneau, Inc. can do that."). Similarly, HCAD, by its actions alone, cannot decide that Timbercreek does business under the common name of Yorktown; only Timbercreek can establish

whether it will operate its business under an assumed or common name.

We hold that there is no evidence to support Timbercreek's contention that Yorktown is its "common name." Thus, legally sufficient evidence supports the trial court's implied finding that Timbercreek does not conduct business under the common name of Yorktown. We hold that the trial court did not err in denying Yorktown's Rule 28 motion.

Since we hold that Yorktown is not the common name of Timbercreek and that the two are separate legal entities, neither Yorktown nor Timbercreek had standing to seek judicial review of the Board's order determining protest. Yorktown, the entity that completed the administrative protest process before the Board, did not own the property on January 1, 2007. Timbercreek, the record legal owner on January 1, never completed the protest process. Since neither entity completed both requirements, we hold that neither entity had standing to seek judicial review.

**Conclusion**

Yorktown was not the record owner of the property on January 1, 2007, and Timbercreek did not complete the administrative protest before HCAD's appraisal review board. Accordingly, we hold that neither entity had standing to seek judicial review of the Board's order determining protest. We further hold that legally sufficient evidence exists to support the trial court's implied finding that Timbercreek did not do business under the "common name" of Yorktown, and thus the trial court correctly rejected Yorktown's Rule 28 motion to substitute Timbercreek as the plaintiff. We therefore affirm the judgment of the trial court.