Opinion issued November 10, 2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00189-CV

———————————

GSL Welcome BP 32 LLC, Appellant

V.

Harris
County Appraisal District, Appellee



 



 

On Appeal from the 61st District Court

Harris County, Texas



Trial Court Case No. 2008-62121

 



 

MEMORANDUM OPINION

          After
receiving an adverse determination of a property-valuation protest, GSL Sub
Thirteen GP, Inc. (“Sub Thirteen”) filed a petition for review against
appellee, the Harris County Appraisal District (“HCAD”), and the Harris County
Appraisal Review Board (“the Board”).[1]  HCAD filed a plea to the jurisdiction,
contending that Sub Thirteen lacked standing to pursue judicial review because
it did not own the property on January 1, 2008. 
In response, Sub Thirteen moved to substitute appellant, GSL Welcome BP
32, LLC (“GSL Welcome”), the record owner of the property, as a plaintiff
pursuant to Tax Code Section 42.21(e) and Texas Rule of Civil Procedure
28.  Tex.
Tax Code Ann. § 42.21(e) (Vernon Supp. 2010); Tex. R. Civ. P. 28.  The trial court granted HCAD’s plea to the
jurisdiction and denied the Rule 28 motion. 
In three issues on appeal, GSL Welcome contends that the trial court
erred in denying its Rule 28 motion and in granting HCAD’s plea to the
jurisdiction because (1) Sub Thirteen amended its petition to cure a misnomer,
(2) GSL Welcome had standing to pursue the petition for review, and (3) GSL
Welcome satisfied the requirements for Rule 28 substitution.

          We
affirm.

 

 

Background

          The
subject property is located at 2201 North Sam Houston Parkway in Houston.  On October 26, 2007, Sub Thirteen sold the
property to GSL Welcome by special warranty deed.  HCAD’s records, however, still listed Sub
Thirteen as the owner of the property, and thus it mailed the 2008 Notice of
Appraised Value to Sub Thirteen, instead of GSL Welcome.  Sub Thirteen subsequently filed a protest of
the appraised value with the Appraisal Review Board.  On August 22, 2008, the Board issued an order
determining protest to Sub Thirteen via O’Connor & Associates, its
designated agent for the valuation-protest process, ordering a reduction in the
appraised value of the property for 2008.

          Pursuant
to Tax Code section 42.21(a), Sub Thirteen timely filed a petition for review
of the Board’s order.[2]  With its original petition, Sub Thirteen
included (1) responses to Texas Rule of Civil Procedure 194 disclosures, which
stated that the named plaintiff, GSL Sub Thirteen GP, Inc., was the correct
name for the plaintiff and it knew of no potential parties to the lawsuit; and
(2) a proposed finding of fact, which stated that “Plaintiff was the owner of
the property that is the subject matter of this lawsuit on January 1 of each of
the tax years in question.”

Thirteen months later, HCAD filed a
plea to the jurisdiction, contending that because Sub Thirteen did not own the
property on January 1, 2008, it lacked standing to protest the Board’s order
and the district court lacked subject-matter jurisdiction over the case.

          In
response, Sub Thirteen moved to permit substitution of appellant as plaintiff
pursuant to Tax Code section 42.21(e) and Texas Rule of Civil Procedure
28.  Sub Thirteen and GSL Welcome
contended that they were not distinct parties, but rather that “[t]he Plaintiff
in this case [GSL Welcome] is the same party that originally sued under the
misnomer and under the common name assigned to the property owner by the
Defendant.”  Sub Thirteen and GSL Welcome
also contended that Rule 28 permits the substitution of the “true name” of the
plaintiff for the “common name known to the Defendant.”  The plaintiffs argued that because HCAD
referred to the property owner as Sub Thirteen throughout its records, Sub
Thirteen is the “common name” of GSL Welcome. 
As a result, GSL Welcome, acting under its “common name” of Sub
Thirteen, completed the administrative protest process and timely filed the
petition for review, and therefore has standing to protest the Board’s order.

          The
trial court denied GSL Welcome’s Rule 28 motion, granted HCAD’s plea to the
jurisdiction, and dismissed GSL Welcome’s suit for want of jurisdiction.

Standard of Review

          Standing
is a necessary component of subject-matter jurisdiction and cannot be
waived.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex. 2000);
KM-Timbercreek, LLC v. Harris County
Appraisal Dist., 312 S.W.3d 722, 725 (Tex. App.—Houston [1st Dist.] 2009,
no pet.).  If a party lacks standing, the
trial court has no jurisdiction to hear the case.  Blue,
34 S.W.3d at 553–54.  If the
jurisdictional defect cannot be cured by amending the pleadings, a party may
file a plea to the jurisdiction, and if the trial court finds the plea
meritorious, it may grant the plea without allowing the plaintiff an
opportunity to amend.  See County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002).  A trial
court decides a plea to the jurisdiction by reviewing the pleadings as well as
any evidence relevant to the jurisdictional inquiry.  Blue,
34 S.W.3d at 555.  We review a trial
court’s ruling on a plea to the jurisdiction de novo, construing the pleadings
liberally in favor of the plaintiff while considering the pleader’s
intent.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226,
228 (Tex. 2004).  When reviewing a plea
to the jurisdiction, we cannot examine the merits of the case.  See
Houston Indep. Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 635 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied).

Standing to Pursue Judicial Review

          Our
Court and the Fourteenth Court of Appeals have repeatedly addressed the
jurisdictional requirements to seek judicial review of an adverse property tax valuation
determination in the district court.[3]  Generally, the property owner is the only
entity with standing to appeal an appraisal-review-board order to the district
court.  Timbercreek, 312 S.W.3d at 726; Tex.
Tax. Code. Ann. §§ 42.01–.031 (Vernon 2008) (providing right of
appeal to property owner, certain lessees, chief appraiser, county, and taxing
unit); Tourneau Houston, Inc. v. Harris
County Appraisal Dist., 24 S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.]
2000, no pet.) (“As a general rule, only an owner may protest before the
[Appraisal Review Board] and sue in court for relief.”).

          Tax
Code section 42.21(a) specifies the procedural requirements for seeking review
of an adverse appraisal-review-board order in the district court:

A party who appeals as
provided by this chapter must file a petition for review with the district
court within 45 days after the party received notice that a final order has
been entered from which an appeal may be had. 
Failure to timely file a petition bars any appeal under this chapter.

 

Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 44,
sec. 42.21(a) 1989 Tex. Gen. Laws 3591, 3604 (amended 2009) (current version at
Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2010)). 
Section 42.21(a) describes a “party” as one “who appeals as provided by
[Chapter 42].”  Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2010); Timbercreek, 312 S.W.3d at 727.  Tax Code section 42.01 specifically provides
that “[a] property owner is entitled
to appeal . . . an order of the appraisal review board
determining . . . a protest by the property owner.”  Tex. Tax Code Ann. § 42.01(1)(A) (Vernon
2008) (emphasis added).  We reasoned that
the Tax Code, therefore, requires property ownership for two distinct
rights:  (1) the right to protest the
appraised value of the property before the appraisal review board; and (2) the
right to seek judicial review of the board’s determination in the district
court.  Timbercreek, 312 S.W.3d at 727. 
Thus, to be entitled to judicial review, the party must be the record
owner of the property and must protest the initial valuation to the appraisal
review board.  Id.

          In Timbercreek, we noted that, in addition
to the property owner, the Tax Code also allows properly designated agents of the owner pursuant to
section 1.11 and certain lessees meeting the criteria of section 41.413 to seek
judicial review of an adverse board order. 
See id.; Tex. Tax Code Ann. § 1.11 (Vernon
Supp. 2010), § 41.413(b) (Vernon 2008). 
If the party seeking judicial review does not fall into one of these
three categories, “then they have ‘neither a legal right to enforce, nor any
real controversy at issue, and, therefore, no standing under the [Tax] Code.’”  Timbercreek,
312 S.W.3d at 727 (citing Koll Bren Fund
VI, LP v. Harris County Appraisal Dist., No. 01-07-00321-CV, 2008 WL 525799,
at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.)); see also MHCB (USA) Leas. & Fin. Corp.
v. Galveston Cent. Appraisal Dist., 249 S.W.3d 68, 78 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied).

          The Tax Code procedures for
adjudicating a property-tax valuation protest are the exclusive remedies
available to property owners.  See Tex.
Tax Code Ann. § 42.09(a) (Vernon 2008); Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc., 907
S.W.2d 12, 16 (Tex. App.—Tyler 1995, writ denied).  A property owner’s failure to pursue
administrative review of the initial valuation before the appraisal review
board “deprives the courts of jurisdiction to decide most matters relating to
ad valorem taxes.”  Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex.
2006).  If no proper party seeks judicial
review of the board’s decision to the district court within the statutory time
period, the trial court does not acquire subject-matter jurisdiction over the
protest, and the appraisal review board’s valuation becomes final when the
statutory time period expires.  See Timbercreek, 312 S.W.3d at 728; Taufiq ex rel. Patrick O’Connor &
Assocs., Inc. v. Harris County Appraisal Dist., 6 S.W.3d 652, 654 (Tex.
App.—Houston [14th Dist.] 1999, no pet.) (holding that failure to join
necessary party, such as property owner, within statutory time period is “fatal
to judicial review under section 42.21”).

          Here, despite Sub Thirteen’s
assertions in its original petition, answers to Rule 194 disclosures, and
proposed findings of fact, the record indicates that Sub Thirteen transferred
its interest in the subject property to GSL Welcome on October 26, 2007, and
therefore was not the record owner of the property on January 1, 2008, and was
not responsible for paying the assessed taxes. 
Sub Thirteen never claimed to be the designated agent or a lessee of GSL
Welcome.  Because Sub Thirteen did not
own the property on January 1, 2008, and it was not a designated agent or
lessee of GSL Welcome, the actual record owner of the property, Sub Thirteen
lacked the legal right either to protest the valuation or to seek judicial
review of the Board’s order.  See Timbercreek, 312 S.W.3d at 727.  Sub Thirteen, therefore, lacked standing to
appeal the Board’s order under section 42.21(a).  Id.

          GSL Welcome, as the record owner of
the property, had standing to protest the valuation before the appraisal review
board; however, the record indicates that it did not avail itself of this
right.  GSL Welcome did not become
involved in this dispute until January 2010, when Sub Thirteen amended its petition
and moved for substitution of GSL Welcome as plaintiff under section 42.21(e)
and rule 28.  Because the Board never
determined a valuation protest brought by GSL Welcome, the actual property
owner, there is no protest proceeding on which it can premise a suit for
judicial review to the district court.  See id. at 727–28.  GSL Welcome, therefore, also has “[no] legal
right to enforce, nor any real controversy to determine, and lacks standing to
seek judicial review under section 42.21(a).” 
Id. at 728.

A.  
Application of Tax Code Section
42.21(e)(1)

GSL Welcome contends that the trial
court erred in granting HCAD’s plea to the jurisdiction because Tax Code section
42.21(e) allows a party to amend a timely filed petition for review to correct
or change the name of a party.

Section 42.21(e) provides that only
petitions that are “timely filed under
Subsection (a) or amended under Subsection (c)” may be subsequently amended
to correct or change the name of a party. 
Tex. Tax Code Ann.
§ 42.21(e)(1) (Vernon Supp. 2010) (emphasis added).  To seek judicial review of a board’s order
under Subsection (a), “the plaintiff must be a ‘party who appeals as provided
by [Chapter 42],’ meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.”  Timbercreek, 312 S.W.3d at 729 (citing Tex. Tax Code Ann.
§ 42.21(a)).  A party may file a
petition for review within the statutory time period, but that party does not
properly invoke Subsection (a) unless it is the property owner, a properly
designated agent, or a lessee.  See id. 
Subsection (e) presupposes that both the original plaintiff and the
plaintiff to be substituted have standing to seek judicial review of the
board’s order.  See id.; RRB Land Invs., Ltd. v. Harris County
Appraisal Dist., No.
01-09-00519-CV, 2010 WL 1729390, at *3 (Tex. App.—Houston [1st Dist.] Apr. 29,
2010, no pet.) (mem. op.); Koll Bren,
2008 WL 525799, at *3–5.  If no proper
party appeals the board’s order within the statutory time period, the trial
court does not acquire subject-matter jurisdiction, and the board’s order
becomes final after the time period expires. 
Timbercreek, 312 S.W.3d at
729.

Sub Thirteen timely filed a petition for review; however, Sub
Thirteen did not own the property on January 1, 2008, and therefore lacked
standing to protest before the Board and to pursue judicial review.  Furthermore, GSL Welcome lacked standing to
seek judicial review because it did not complete the administrative protest
process before the Board.  GSL Welcome
cannot take advantage of section 42.21(e) to change the named plaintiff from
one party who does not have standing to seek judicial review—Sub Thirteen—to another party who does not have
standing—GSL
Welcome.[4]  See id.  GSL Welcome, by not exhausting its
administrative remedies by protesting the valuation before the Board, failed to
satisfy the jurisdictional prerequisites to seek judicial review and therefore
cannot rely on subsection (e) to become a party to the suit.  See id.

B.  
Application of Misnomer Law

GSL Welcome further contends that
the trial court erred in granting HCAD’s plea to the jurisdiction because Sub
Thirteen amended its petition to name GSL Welcome as the plaintiff to correct a
misnomer, and therefore the amended petition relates back to the timely filed
original petition.

GSL Welcome cites the Fourteenth
Court of Appeals’ decision in Womack
Machine Supply Company v. Fannin Bank for the proposition that amending a
petition to correct the name of the plaintiff relates back to the filing of the
original petition and tolls limitations, even when two distinct corporate
entities are involved.  499 S.W.2d 917
(Tex. Civ. App.—Houston [14th Dist.] 1973), rev’d
on other grounds, 504 S.W.2d 827 (Tex. 1974).  Womack Machine Supply Company, a corporation
registered in Dallas, sued Fannin Bank.  Id. at 918–19.  During trial, the plaintiff became aware that
the cause of action actually belonged to a related, but distinct, corporation
registered in Houston, Womack Machine Supply Company of Houston, and it sought
a trial amendment to change the name of the plaintiff.  Id.
at 919.  The trial court rendered
judgment for Fannin Bank, ruling that limitations barred the Houston corporation’s
cause of action.  Id.  The Fourteenth Court of Civil
Appeals reversed, holding that the properly named and served defendant could
not assert limitations against an amended petition that corrected the name of
the plaintiff.  Id. at 920 (citing Wis. Chair
Co. v. I.G. Ely Co., 91 S.W.2d 913, 914 (Tex. Civ. App.—Fort Worth 1936, no
writ)).

GSL Welcome also relies on the
Texas Supreme Court’s decision in Ealey
v. Insurance Company of North America for the same proposition.  660 S.W.2d 50 (Tex. 1983).  In Ealey,
a workmen’s compensation case, the Industrial Accident Board granted a
compensation award to Ealey against Pacific Employers Insurance Company, a
wholly owned subsidiary of the Insurance Company of North America (INA).  Id.
at 51.  Pacific filed a notice of intention
to appeal, naming itself as the party intending to appeal, but suit was later
filed in the name of INA.  Id. 
After the statutory time period to file suit passed, Pacific filed an
amended petition naming itself as the appealing insurance carrier.  Id.  The Texas Supreme Court, following the
rationale of Womack Machine and other
related cases, held that INA’s petition gave fair notice of the appeal to Ealey,
and that it was “clear from the petition and the prior proceeding that Pacific
was the only carrier who could appeal,” and that therefore Pacific’s petition
related back to INA’s timely filed petition. 
Id. at 52, 53.

Neither Womack Machine nor Ealey
compels a similar holding that the amended petition naming GSL Welcome relates
back to the original, timely filed petition naming Sub Thirteen as plaintiff
and that, therefore, GSL Welcome has standing. 
Unlike in Womack Machine and Ealey, the issue is not whether limitations
bars judicial review; the issue
here is whether Sub Thirteen and GSL Welcome had standing to seek judicial
review.  The timing of the petition
naming GSL Welcome, filed approximately seventeen months after the Board issued
its order, is not the only jurisdictional defect in this case.  Allowing the petition that named GSL Welcome
to relate back to the original, timely filed petition does not change our
conclusion that neither Sub Thirteen nor GSL Welcome has standing to pursue
judicial review of the Board’s order.

Womack
Machine involved a general statute of limitations, and the plaintiffs in that
case did not have to meet specific statutory jurisdictional prerequisites to
invoke the subject-matter jurisdiction of the trial court.  See
Womack Machine, 499 S.W.2d at 919–20. 
Here, to invoke the jurisdiction of the trial court, the plaintiff not
only had to file its petition within forty-five days of receiving the Board’s
order, but the plaintiff also had to be the property owner and had to have
exhausted its administrative remedies by protesting the valuation before the
Board.  See Timbercreek, 312 S.W.3d at 726–28.  Sub Thirteen filed suit within forty-five
days, but it was not the property owner, and GSL Welcome did not pursue an
administrative protest before the Board. 
Similarly, in Ealey, which
involved a comparable statutory appeal framework, Pacific, the party seeking
relation back of its petition, was the party involved in the hearing process
before the Industrial Accident Board, and therefore it was the proper party to
appeal the adverse board decision.  Ealey, 660 S.W.2d at 51.  Here, GSL Welcome never completed the
administrative-protest process, and it therefore lacked standing to seek
judicial review of the Board’s order.  Timbercreek, 312 S.W.3d at 727.

Although GSL Welcome asserts,
throughout its brief, that the property owner was the “actual party that
exhausted administrative remedies and pursued the judicial appeal,” we note
that GSL Sub Thirteen GP, Inc.—the party that completed the administrative-protest
process and initially filed suit—is a Delaware corporation, and GSL Welcome BP 32, LLC—the property owner, substituted plaintiff, and
appellant—is a Texas limited liability
company.  Even if related, these are two
separate and distinct entities.  Laidlaw Waste Sys., 907 S.W.2d at 17
(“In Texas, for the purpose of legal proceedings, subsidiary corporations and
parent corporations are separate and distinct ‘persons’ as a matter of
law.  The separate entity of corporations
will be observed by the courts even in instances where one may dominate or
control, or may even treat it as a mere department, instrumentality, or agency
of the other.”).  Because Sub Thirteen
and GSL Welcome are distinct entities and have separate existences, GSL Welcome,
the record property owner, cannot rely on Sub Thirteen’s actions to fulfill the
jurisdictional prerequisites of completing the administrative-protest process
and timely filing a suit for judicial review in the district court.  See id.
(“As a result of the separate existence of Laidlaw Delaware, neither Laidlaw
Texas nor Four-S could rely upon the filing of the appeal by Laidlaw Delaware
to perfect its appeal of the ‘Orders Determining Protest’ for the tax years
1990 and 1991.”).  Because the property
owner failed to exhaust its administrative remedies and timely file suit, the
trial court lacked jurisdiction to review the Board’s order.  Id.  Application of misnomer law to allow the
petition naming GSL Welcome to relate back to the timely filed original petition
does not cure these jurisdictional defects. 
We therefore hold that both Sub Thirteen and GSL Welcome lacked standing
to seek judicial review of the Board’s order, and thus the trial court
correctly granted HCAD’s plea to the jurisdiction.

Rule 28 Substitution

GSL Welcome finally contends that
the trial court erred in denying its Rule 28 motion to substitute it as the
plaintiff, because Rule 28 permits a plaintiff to sue in its assumed or “common
name” and then substitute its “true name” later in the proceeding.  According to GSL Welcome, because HCAD’s
records continued to list Sub Thirteen as the owner of the property well into
2008, instead of reflecting the ownership change when Sub Thirteen sold the
property to GSL Welcome in October 2007, “GSL Sub Thirteen GP, Inc.” is the
“common name” of GSL Welcome BP 32, LLC.

Rule 28 provides that:

Any partnership,
unincorporated association, private corporation, or individual doing business
under an assumed name may sue or be sued in its partnership, assumed or common
name for the purpose of enforcing against it a substantive right, but on a
motion by any party or on the court’s own motion the true name may be
substituted.

 

Tex. R. Civ. P. 28.  To take advantage of Rule 28 and sue in a
party’s common name, “there must be a showing that the named entity is in fact doing business under that common
name.”  Timbercreek, 312 S.W.3d at 730 (quoting Seidler v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009,
pet. denied)).  In Seidler, the Texarkana Court of Appeals specified that although
third parties may commonly and informally use the name of the particular
premises to refer to the business, this by itself “does not mean that the name of
the site and the type of business conducted there is ‘doing business as.’”  Seidler,
277 S.W.3d at 553; see also Howell v.
Coca-Cola Bottling Co., 595 S.W.2d 208, 212 (Tex. Civ. App.—Amarillo 1980,
writ ref’d n.r.e.) (“In summary, we hold rule 28 is not applicable to this
case, because nothing in the record indicates the two corporations in question
were doing business under an assumed or common name.”).  Whether an entity does business under an
assumed or common name is a question of fact for the trial court.  Sixth
RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003).

          In Timbercreek, we held that the
appropriate inquiry for Rule 28 purposes is not whether HCAD refers to or
addresses an entity by a particular common name, but whether the entity actually
does business under that common name.[5]  Timbercreek,
312 S.W.3d at 730.  Here, GSL Welcome
made no showing that (1) it was doing business under the common name of
Sub Thirteen, (2) it held itself out to the public as Sub Thirteen, or (3) it
requested that HCAD refer to it as Sub Thirteen in its records.  See id.
at 731.  HCAD’s appraisal records,
account statements, property tax statements, notice of appraised value, and
order determining protest might be some evidence that HCAD refers to GSL Welcome
as Sub Thirteen, but without more, it is not evidence that GSL Welcome does
business under the common name of Sub Thirteen. 
Compare id. at 730 with Sixth RMA Partners, 111 S.W.3d at
52 (concluding that Sixth RMA Partners conducted business under name of RMA
Partners when it presented evidence that it used RMA stationary, sent demand
notices and referrals on RMA letterhead and used RMA’s business address, and
payments on Sixth RMA-owned notes were made to RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (concluding
Rule 28 applicable when one-member professional association used stationary and
phone number containing name of member). 
HCAD, by its actions alone, cannot determine that GSL Welcome does
business under the common name of Sub Thirteen; only GSL Welcome “can establish
whether it will operate its business under an assumed or common name.”  Timbercreek,
312 S.W.3d at 731; see also Tourneau
Houston, Inc., 24 S.W.3d at 909 (“HCAD cannot designate an agent for
Tourneau, Inc.  Only the owner, Tourneau,
Inc. can do that.”).

          We
hold that GSL Welcome presented no evidence that it does business under the
common name of Sub Thirteen.[6]  Thus, under these facts, Rule 28 is not
applicable and does not permit the substitution of the “true name” of GSL
Welcome for the “common name” of Sub Thirteen. 
We hold that the trial court correctly denied GSL Welcome’s Rule 28
motion.




 

Conclusion

          We
hold that neither Sub Thirteen nor GSL Welcome fulfilled the jurisdictional
prerequisites to seeking judicial review of the Board’s order determining
protest and thus both entities lacked standing to appeal the order to the
district court.  The trial court,
therefore, correctly granted HCAD’s plea to the jurisdiction.  We further hold that GSL Welcome failed to
present evidence that it did business under the “common name” of Sub Thirteen,
and thus the trial court correctly denied appellant’s Rule 28 motion.  We therefore affirm the judgment of the trial
court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

 











[1]
          Although Sub Thirteen’s original
petition listed both Harris County Appraisal District and Harris County
Appraisal Review Board as defendants, the record does not indicate that the
Board received service of citation or appeared in the proceeding.  An appraisal review board is not a necessary
party to a petition for judicial review of the board’s order.  Tex.
Tax Code Ann. § 42.21(b) (Vernon Supp. 2010).  Because the Board is not a necessary party to
the appeal and the record does not affirmatively demonstrate that the Board was
served or that it appeared, we hold that HCAD is the only appellee properly
before the court.  See KM-Timbercreek, LLC v. Harris County Appraisal Dist., 312
S.W.3d 722, 724 n.1 (Tex. App.—Houston [1st Dist.] 2009, no pet.).





[2]
          In 2009, the Texas Legislature
amended section 42.21(a) to extend the time period to file a petition for
review from forty-five days to sixty days from receipt of the Board’s
order.  See Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2010); Act of May 29, 2009, 81st Leg., R.S., ch.
905, § 1, 2009 Tex. Gen. Laws 2435, 2435. 
Although we decide this case under the law in effect at the time of Sub
Thirteen’s appeal to the district court in October 2008, we note that appellant,
the true property owner, did not attempt to join as a plaintiff until January
2010, well after both of the time periods had expired.  See
§ 4, 2009 Tex. Gen. Laws at 2435–36.





[3]
          Over the past two years, our
court has issued seven opinions addressing this issue, and the Fourteenth Court
has issued eight opinions.  See Harris
County Appraisal Dist. v. KMI Yorktown LP, No. 01-09-00661-CV, 2010
WL 1729401 (Tex. App.—Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.); Harris
County Appraisal Dist. v. Shen, No. 01-09-00652-CV, 2010 WL 1729397 (Tex.
App.—Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.); Milbank 521 Sam
Houston I, LLC v. Harris County Appraisal Dist., No. 01-09-00541-CV, 2010
WL 1729396 (Tex. App.—Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.); RRB
Land Invs., Ltd. v. Harris County Appraisal Dist., No. 01-09-00519-CV, 2010
WL 1729390 (Tex. App.—Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.); Woodway
Drive LLC v. Harris County Appraisal Dist., 311 S.W.3d 649 (Tex.
App.—Houston [14th Dist.] 2010, no pet.); Scott Plaza Assocs. Ltd. v. Harris
County Appraisal Dist., No. 14-09-00707-CV, 2010 WL 724189 (Tex.
App.—Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); Woodway Drive
LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); RRB Land
Invs., Ltd. v. Harris County Appraisal Dist., No. 14-09-00317-CV (Tex.
App.—Houston [14th Dist.] Feb. 4, 2010, no pet.) (mem. op.); SWP Remic
Props. II LP v. Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL
26524 (Tex. App.—Houston [14th Dist.] Jan. 7, 2010, no pet.) (mem. op.); DL
Louetta Village Square LP v. Harris County Appraisal Dist., No.
14-08-00549-CV, 2009 WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009,
no pet.) (mem. op.); Skylane West Ltd. v. Harris County Appraisal Dist.,
No. 14-08-00507-CV, 2009 WL 4913256 (Tex. App.—Houston [14th Dist.] Dec. 22,
2009, no pet.) (mem. op.); Timbercreek, 312 S.W.3d at 726–28; Mei Hsu
Acquisition Corp. v. Harris County Appraisal Dist., No. 01-08-00690-CV,
2009 WL 3152152 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem.
op.); BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal Dist.,
No. 14-08-00493-CV, 2009 WL 2145922 (Tex. App.—Houston [14th Dist.] June 21,
2009, no pet.) (mem. op.); Koll Bren Fund VI, LP v. Harris County Appraisal
Dist., No. 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston [1st Dist.]
Feb. 28, 2008, pet. denied) (mem. op.).

 





[4]
          We hold only that amendment
under section 42.21(e) is impermissible when both the original plaintiff and
the amended plaintiff lack standing to seek judicial review.  We express no opinion on whether this section
permits amendment after the statutory time period when one or both plaintiffs
have standing.





[5]
          Contrary to GSL Welcome’s
assertion, we have never held that Rule 28 applies only to situations in which
the party has filed a formal assumed name certificate, but not to situations
involving informal common names.  A
plaintiff can sue in its “common name,” and substitute its true name later in
the proceeding pursuant to Rule 28; however, the plain language of Rule 28
provides that, to take advantage of substitution, the plaintiff must establish
that it is “doing business under” the common name.  Tex.
R. Civ. P. 28; see also Howell v. Coca-Cola Bottling Co., 595 S.W.2d 208,
212 (Tex. Civ. App.—Amarillo 1980, writ ref’d n.r.e.) (noting that, in previous
El Paso Court of Civil Appeals case involving two companies “actually doing
business under a common name,” the El Paso Court “correctly applied” Rule 28
and limited its application to “instances of doing business under” an assumed
or common name (citing Cohen v. C.H.
Leavell & Co., 520 S.W.2d 793, 796 (Tex. Civ. App.—El Paso 1975, no
writ))).





[6]
          GSL Welcome cites two cases from
the Fourteenth Court of Appeals to support its contention that Rule 28 applies
to this case.  In CA Partners v. Spears, 274 S.W.3d 51, 69 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied), our sister court noted that Rule 28 provides that
“an individual doing business under an
assumed name may be sued in his assumed name,” and then held that CA
Partners, a sole proprietorship, presented evidence that its owner used CA
Partners as an assumed name while in the business of collecting debts.  This decision emphasized that, to take
advantage of Rule 28, there must be a showing of “doing business under” the
assumed name, which did not occur in this case. 
Id.  The Fourteenth Court’s decision in Clearview Properties v. Property Texas SC
One Corp. did not address Rule 28 at all, but instead held that a second
service of citation is not necessary after discovery of a misnomer.  287 S.W.3d 132, 142 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied).