Opinion issued May 3, 2012

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00439-CV

———————————

Storguard Investments, LLC and Maxima Communications Corp., Appellants

V.

Harris
County Appraisal District, Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2008-57204

 



 

OPINION ON REHEARING

          Appellants,
Storguard Investments, LLC (“Storguard”) and Maxima Communications Corp.
(“Maxima”), filed a motion for rehearing of our July 21, 2011 opinion.  We grant rehearing, withdraw our July 21,
2011 opinion and judgment, and issue this opinion and judgment in their
place.  The disposition of the case
remains unchanged.

In this ad valorem property tax
case, Maxima sought judicial review of a Harris County Appraisal Review Board
(“the Board”)[1]
order determining Maxima’s protest of the taxes assessed for the 2008 tax
year.  The Harris County Appraisal District
(“HCAD”) filed a plea to the jurisdiction, contending that Maxima lacked
standing to pursue judicial review because it did not own the property on
January 1, 2008.  In response, Maxima
moved to addStorguard, the record owner of the property, as a plaintiff
pursuant to Tax Code section 42.21(e) and Texas Rule of Civil Procedure
28.  The trial court granted HCAD’s plea
to the jurisdiction.  In three issues,
Storguard contends that the trial court erred in granting HCAD’s plea to the
jurisdiction because (1) Maxima amended its petition for review to cure a
misnomer, (2) Storguard had standing to pursue the petition for judicial
review, and (3) Storguard satisfied the requirements for Rule 28
substitution.

          We
affirm.

Background

          The
subject property is located at 12610 Tanner Road in Houston.  On June 5, 2003, Maxima, which has an
ownership interest in Storguard, conveyed its interest in the property to
Storguard by special warranty deed.  HCAD’s
records for the property, however, did not reflect this change in ownership and
still listed Maxima as the owner of the property in 2008.  As a result, HCAD mailed the 2008 Notice of
Appraised Value to Maxima, instead of to Storguard.  Maxima subsequently protested the appraised
value of the property before the Board. 
On August 1, 2008, the Board issued an order determining the protest to
Maxima via Deloney& Associates, its designated agent for the protest
process, ordering a reduction in the appraised value of the property.

          Pursuant
to Tax Code section 42.21(a), Maxima timely filed a petition for judicial review
of the Board’s order.[2]  With its original petition, Maxima included
(1) responses to Texas Rule of Civil Procedure 194 disclosures, stating
that the named plaintiff, Maxima Communications Corp., was the correct name for
the plaintiff and that it knew of no potential parties to the suit, and (2) a
proposed finding of fact stating that “Plaintiff was the owner of the property
that is the subject matter of this lawsuit on January 1 of each of the tax years
in question.”

          Nineteen
months later, in April 2010, HCAD filed a plea to the jurisdiction, contending
that the district court lacked subject-matter jurisdiction over the petition
for review because Maxima did not own the property on January 1, 2008, and,
therefore, itlacked standing to protest the Board’s order to the district
court.  As supporting evidence, HCAD
attached the June 5, 2003 deed reflecting the conveyance of the property from
Maxima to Storguard.

          In
response, Maxima moved to substitute Storguard as plaintiff pursuant to Tax
Code section 42.21(e) and Texas Rule of Civil Procedure 28.  Maxima and Storguard argued that the amended
petition adding Storguard as a plaintiff “cures a misnomer and relates back to
the filing date of the original petition.” 
The plaintiffs contended that “[t]here is also no dispute based on the
pleadings that the property owner [Storguard] was the actual party that
exhausted administrative remedies and pursued the judicial appeal,
notwithstanding the misnomer” and that Storguard “is the same party that
originally sued under the misnomer and under the common name assigned to the
property owner by the Defendant [HCAD].” 
The plaintiffs further argued that Maxima indirectly owned the property
because it had an ownership interest in Storguard.

          Maxima
and Storguard also contended that Rule 28, which allows a plaintiff to
substitute its “true name” for the “common name” in which it originally sued,
permitted substitution of Storguard as plaintiff.  The plaintiffs argued that Maxima was the
“common name” ofStorguard because HCAD’s records, including the 2008 Notice of
Appraised Value and the Board’s order determining protest, listed Maxima as the
property owner.  Maxima and Storguard
argued that Storguard, acting under its “common name” of Maxima, completed the
administrative protest process and timely filed the petition for judicial
review, and, therefore, it had standing to protest the Board’s order.

          The
trial court granted HCAD’s plea to the jurisdiction and dismissed Maxima and
Storguard’s suit for want of jurisdiction. 
This appeal followed.

Standard of Review

          Standing
is a necessary component of subject-matter jurisdiction and cannot be
waived.  Bland Indep.Sch. Dist. v. Blue, 34 S.W.3d 547, 553–54 (Tex. 2000); KM-Timbercreek, LLC v. Harris Cnty.Appraisal
Dist., 312 S.W.3d 722, 725 (Tex. App.—Houston [1st Dist.] 2009, no
pet.).  If a party lacks standing, the
trial court does not have jurisdiction to hear the case.  Blue,
34 S.W.3d at 553–54.  If the
jurisdictional defect cannot be cured by amending the pleadings, a party may
file a plea to the jurisdiction, and if the trial court finds the plea
meritorious, it may grant the plea without allowing the plaintiff an
opportunity to amend its petition.  See Cnty. of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002).  A trial court
decides a plea to the jurisdiction by reviewing the pleadings as well as any
evidence relating to the jurisdictional inquiry.  Blue,
34 S.W.3d at 555.  We review a trial
court’s ruling on a plea to the jurisdiction de novo, construing the pleadings
liberally in favor of the plaintiff while considering the pleader’s
intent.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226,
228 (Tex. 2004).  When reviewing a plea
to the jurisdiction, we cannot examine the merits of the case.  See
Houston Indep. Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 635 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied).

Standing to Pursue Judicial Review

          A.      Law
in Effect before September 1, 2011

Our Court and the Fourteenth Court
of Appeals have repeatedly addressed the jurisdictional requirements for
seeking judicial review of an adverse property tax determination by the
appraisal review board.[3]  Generally, only the property owner has
standing to seek judicial review of an appraisal review board order in the
district court.  Timbercreek, 312 S.W.3d at 726; Tex.
Tax Code Ann. §§ 42.01–.031 (Vernon 2008& Supp. 2011)
(providing right of appeal to property owner, certain lessees, chief appraiser,
county, and taxing unit); see also
Tourneau Houston, Inc. v. Harris Cnty. Appraisal Dist., 24 S.W.3d 907, 909
(Tex. App.—Houston [1st Dist.] 2000, no pet.) (“As a general rule, only an
owner may protest before the [Appraisal Review Board] and sue in court for
relief.”).

          Tax
Code section 42.21(a) specifies the procedural requirements for seeking
judicial review of an adverse board order:

A party who appeals as
provided by this chapter must file a petition for review with the district
court within 45 days after the party received notice that a final order has
been entered from which an appeal may be had. 
Failure to timely file a petition bars any appeal under this chapter.

 

Act of May 28, 1989, 71st Leg., R.S., ch. 796,
§ 44, sec. 42.21(a), 1989 Tex. Gen. Laws 3591, 3604 (amended 2009)
(current version at Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2011)). 
Section 42.21(a) describes a “party” as one “who appeals as provided by
[Chapter 42].”  Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2011); Timbercreek, 312 S.W.3d at 727.  Section 42.01 specifically states, “[a] property owner is entitled to
appeal . . . an order of the appraisal review board
determining . . . a protest by the property owner . . . .”  Tex.
Tax Code Ann. § 42.01(1)(A) (Vernon Supp. 2011) (emphasis added).  In Timbercreek,
we reasoned that the Tax Code requires property ownership for two distinct
rights:  (1) the right to protest the
appraised value of the property before the appraisal review board; and (2) the
right to seek judicial review of an adverse board determination in the district
court.  312 S.W.3d at 727.  Thus, to be entitled to judicial review of a
board order, the party must be the record owner of the property and must
protest the initial valuation to the appraisal review board.  Id.

          In
addition to the record owner of the property, the Tax Code also allows properly
designated agents of the owner and certain lessees to seek judicial review of
an adverse board order.  See id.; see alsoTex. Tax Code Ann.
§ 1.11 (Vernon Supp. 2011) (requirements for agents), § 41.413(b)
(Vernon 2008) (requirements for lessees). 
If a party seeking judicial review does not fall into one of these
categories, “then [it has] ‘neither a legal right to enforce, nor any real
controversy at issue, and, therefore, no standing under the [Tax] Code.’”  Timbercreek,
312 S.W.3d at 727 (citing Koll Bren Fund
VI, LP v. Harris Cnty. Appraisal Dist., No. 01-07-00321-CV, 2008 WL 525799,
at *3 (Tex. App.—Houston [1st Dist.]Feb. 28, 2008, pet.denied) (mem. op.)); see also MHCB (USA) Leasing& Fin. Corp.
v. Galveston Cent. Appraisal Dist., 249 S.W.3d 68, 78 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied).

          Finally,
section 42.21(e)(1) provides, “A petition that is timely filed under Subsection
(a) or amended under Subsection (c) may be subsequently amended to correct or
change the name of a party . . . .”  Tex.
Tax Code Ann. § 42.21(e)(1).

          The
Tax Code provides the exclusive remedies available to property owners for
adjudicating a property-tax valuation protest. 
SeeTex. Tax Code Ann. § 42.09(a) (Vernon 2008); Gregg Cnty.Appraisal Dist. v. Laidlaw Waste
Sys., Inc., 907 S.W.2d 12, 16 (Tex. App.—Tyler 1995, writ denied).  A property owner’s failure to pursue
administrative review of the initial valuation before the appraisal review
board “deprives the courts of jurisdiction to decide most matters relating to
ad valorem taxes.”  Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006).  If no proper party seeks judicial review of
the board’s decision within the statutory time period, the district court does
not acquire subject-matter jurisdiction over the petition for review, and the
board’s valuation becomes final when the statutory time period expires.  See
Timbercreek, 312 S.W.3d at 728; Taufiq
ex rel. Patrick O’Connor & Assocs., Inc. v. Harris Cnty. Appraisal Dist.,
6 S.W.3d 652, 654 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that
failure to join necessary party, such as property owner, within statutory time
period is “fatal to judicial review under section 42.21”).

          Here,
Maxima asserted in its original petition, in answers to Rule 194 disclosures, andin
proposed findings of fact, that it owned the subject property on January 1,
2008.  The record indicates, however,
that Maxima conveyed its interest to Storguard on June 5, 2003, and, therefore,
it was not the record owner of the property on January 1, 2008, and was not
responsible for paying the assessed taxes. 
Maxima never claimed to be a designated agent or lessee of Storguard.  Under the law in effect before September 1,
2011, because Maxima did not own the property on January 1, 2008, and it was
not a designated agent or lessee of Storguard, the record owner of the
property, Maxima lacked the legal right either to protest the valuation to the
Board or to seek judicial review of the subsequent Board order.  See
Timbercreek, 312 S.W.3d at 727. 
Maxima, therefore, lacked standing to seek judicial review of the
Board’s order under section 42.21(a).  Id.

          Storguard,
as the record legal owner of the property, had standing to protest the
valuation of the property before the appraisal review board; however, the
record indicates that it did not participate in the administrative protest
process.  Instead, Storguard did not
become involved in this dispute until April 2010, when Maxima amended its
petition for review and moved for substitution of Storguard as plaintiff under
Tax Code section 42.21(e) and Rule 28.  Under
the prior law, because the Board never determined a valuation protest brought
by Storguard, the actual property owner, there is no protest determination on
which it can premise a suit for judicial review to the district court.  See id.at
727–28.  Storguard, therefore, also has “‘[no]
legal right to enforce, nor any real controversy to determine,’ and lacks
standing to seek judicial review under section 42.21(a).”  Id.
at 728.

          B.      Standing under New Tax Code Section 42.016

          In
2011, the Texas Legislature amended the Tax Code to address procedural issues
concerning property tax protests before appraisal review boards and petitions
for review of board orders to the district courts.  The Legislature added section 42.016, entitled
“Intervention in Appeal by Certain Persons,” which provides:

A person is entitled to
intervene in an appeal brought under [Chapter 42] and the person has standing
and the court has jurisdiction in the appeal if the property that is the
subject of the appeal was also the subject of a protest hearing and the person:

 

(1)     owned the property at any time during the
tax year at issue;

 

(2)     leased the property at any time during the
tax year at issue and the person filed the protest that resulted in the
issuance of the order under appeal; or

 

(3)     is shown on the appraisal roll as the owner
of the property or as a lessee authorized to file a protest and the person
filed the protest that resulted in the issuance of the order under appeal.

 

Tex. Tax Code Ann.
§ 42.016 (Vernon Supp. 2011).Storguard contends that its petition for
review “clearly falls within the provisions of Section 42.016 granting it
standing and conferring full jurisdiction upon the district court.”

          Storguard
appears to qualify as a person entitled to intervene in a petition for review
pursuant to section 42.016.  The property
at issue was “the subject of a protest hearing,” and Storguard owned the
property during the 2008 tax year.  See id. § 42.016(1).  This section effectively allows a party such
as Storguard, who seeks intervention in a judicial review proceeding, to rely
upon another person’s completion of the administrative protest process instead
of requiring that the party seeking intervention personally exhaust its
administrative remedies.  Compare id. (granting standing to party
seeking intervention when party owned subject property during relevant tax year
and property was “the subject of a protest hearing,” without requiring party to
have filed protest hearing and to have completed administrative protest process
itself), with Timbercreek, 312 S.W.3d
at 727 (holding that under prior version of Tax Code, to be entitled to
judicial review, party must be record property owner and must have protested initial value to appraisal review
board).  Although Storguard may have standing to intervene under section 42.016, however,
this section does not bestow standing upon Maxima,
the party that administratively protested the initial appraised value and filed
the petition for review.  Maxima, unlike
Storguard, is not seeking to intervene
in the judicial review proceeding—it initially filed the petition.  SeeTex. Tax Code Ann. § 42.016
(entitled “Intervention in Appeal by Certain Persons”).

          The
Texas Legislature also amended Tax Code section 41.44—“Notice of Protest”—to
add subsection (e), which provides:

Notwithstanding any other
provision of this section, a notice of protest may not be found to be untimely
or insufficient based on a finding of incorrect ownership if the notice:

 

(1)     identifies as the property owner a person
who is, for the tax year at issue:

 

(A)    an owner of the property at any time during
the tax year;

 

(B)     the person shown on the appraisal records
as the owner of the property, if that person filed the protest;

 

(C)     a lessee authorized to file a protest; or

 

(D)    an affiliate of or entity related to a
person described by this subdivision; or

 

(2)     uses a misnomer of a person described by
Subdivision (1).

 

See id.
§ 41.44(e) (Vernon Supp. 2011). 
This statute allows a person in Maxima’s position—a previous owner of
the property who is still listed as the record owner in the appraisal
records—to administratively protest the property’s initial appraised value,
which then provides the basis for a person in Storguard’s position to take
advantage of this protest process and intervene in the judicial review
proceeding at a later date.Contra
Timbercreek, 312 S.W.3d at 727 (holding that property ownership on January
1 of relevant tax year is required to protest initial appraised value before
appraisal review board).  The Legislature
provided, however, that the amendment to this section applies “only to a
protest that is pending on the effective date of this Act [September 1, 2011]
or is filed on or after the effective date of this Act.”  Act of May 25, 2011, 82d Leg., R.S., ch. 771,
§ 20(c), 2011 Tex. Sess. Law Serv. 1794, 1801 (West).

          Here,
Maxima’s administrative protest proceeding before the Board concluded on August
1, 2008, when the Board issued its final order; thus, it cannot take advantage
of this new amendment to claim standing to administratively protest the initial
value because it had no protest pending before the Board on September 1, 2011.  Therefore, although Storguard may have standing to intervene in the judicial review
proceeding under new section 42.016, no statute gives Maxima standing either to protest the initial value before the
Board or to seek judicial review of the Board’s final decision.  A proper party must have completed the
administrative review process before Storguard can rely on the completion of
that process, and there must be a properly pending suit in the district court
before Storguard can seek to intervene. 
No proper party completed the administrative review process before the
Board, and no such suit in the district court exists in this case.  Because no party with standing sought
judicial review of the Board’s order within the applicable statutory time
frame, we conclude, even when considering the newly enacted provisions and
amendments to the Tax Code, that, under the facts of this case, the district
court never acquired subject-matter jurisdiction over Storguard’s or Maxima’s
claims due to their failure to show that Maxima had standing as a proper party
to advance those claims.  See Timbercreek, 312 S.W.3d at 728; Taufiq, 6 S.W.3d at 654.

C.      Application of Tax Code Section
42.21(e)(1)

Storguard contends that the trial
court erroneously granted HCAD’s plea to the jurisdiction because Tax Code
section 42.21(e) allows a party to amend a timely filed petition for review to
correct or change the name of a party.

Section 42.21(e) provides that only
petitions for review that are “timely filed under
Subsection (a) or amended under Subsection (c)” may be subsequently amended
to correct or change the name of a party. 
Tex. Tax Code Ann.§ 42.21(e)(1)
(emphasis added).  To seek judicial
review of an adverse board order under subsection (a) of section 42.21, “the
plaintiff must be a ‘party who appeals as provided by [Chapter 42],’ meaning
the plaintiff must be the property owner, a properly designated agent, or a
lessee.”  Timbercreek, 312 S.W.3d at 729 (citing Tex. Tax Code Ann. § 42.21(a)).  A party may file a petition for review within
the statutory time period, but that party does not properly invoke subsection
(a) unless it is the property owner, a designated agent, or a lessee.  See id.  Subsection (e) presupposes that both the
original plaintiff and the plaintiff to be substituted have standing to seek
judicial review of the board order.  See id.; RRB Land Invs., Ltd. v. Harris Cnty. Appraisal Dist., No.
01-09-00519-CV, 2010 WL 1729390, at *3 (Tex. App.—Houston [1st Dist.]Apr. 29,
2010, no pet.) (mem. op.); Koll Bren,
2008 WL 525799, at *3–5.  If no proper
party seeks judicial review of the board order within the statutory time
period, the district court does not acquire subject-matter jurisdiction, and
the board’s order becomes final after the time period expires.  Timbercreek,
312 S.W.3d at 729.

Maxima timely filed a petition for
review; however, Maxima did not own the property on January 1, 2008, and,
therefore, it lacked standing to administratively protest the valuation before
the Board and to pursue judicial review of the Board’s subsequent order.  Section 42.21(e) requires both parties involved in the
substitution to have standing to seek judicial review of the appraisal review
board’s order.  See id.  Because Maxima does
not have standing, even under the new amendments to the Tax Code, Storguard
cannot use section 42.21(e) to substitute as a plaintiff.  See id.;
see also Kilpatrick v. Kilpatrick,
205 S.W.3d 690, 703–05 (Tex. App.—Fort Worth 2006, pet. denied) (“Because [the
plaintiff] lacked standing at the time the action was filed, the suit must be
dismissed even if he later acquired an interest sufficient to support
standing.  We would point out that even
when the Trustee attempted to intervene in this suit, such action would not
convey standing upon [the plaintiff]. . . .  And as we
previously stated, the intervention by one with standing does not retroactively
cure a jurisdictional standing defect.”).

D.      Application of Misnomer Law

Storguard also contends that the
trial court erroneously granted HCAD’s plea to the jurisdiction because Maxima
amended its petition to name Storguard as the plaintiff to correct a misnomer,
and, therefore, the amended petition relates back to the timely filed original
petition.  Storguard cites the Fourteenth
Court of Appeals’ decision in Womack
Machine Supply Co. v. Fannin Bank, 499 S.W.2d 917 (Tex. Civ. App.—Houston
[14th Dist.] 1973), rev’d on other
grounds, 504 S.W.2d 827 (Tex. 1974), and the Texas Supreme Court’s decision
in Ealey v. Insurance Co. of North
America, 660 S.W.2d 50 (Tex. 1983), for the proposition that amending a
petition to correct the name of the plaintiff relates back to the filing of the
original petition and tolls limitations, even when two distinct corporate
entities are involved.  We previously
considered this argument in GSL Welcome
and concluded that neither Womack Machine
nor Ealey “compels a similar holding
that the amended petition naming GSL Welcome relates back to the original,
timely filed petition naming Sub Thirteen as plaintiff and that, therefore, GSL
Welcome has standing.”  See 2010 WL 4484361, at *5.

In GSL Welcome, we noted that the issue in both Womack Machine and Ealeywas
whether the applicable statute of limitations bars an amended pleading
substituting a plaintiff.See id.at
*5–6 (citing Womack Machine, 499
S.W.2d at 920 and Ealey, 660 S.W.2d
at 51–53).  We also observed that the
timing of the amended petition naming GSL Welcome as the plaintiff was not the
only jurisdictional defect in the case.  See id.at *5.To invoke the jurisdiction
of the trial court, the plaintiff has to meet three requirements:  (1) it has to file its petition within the
statutorily prescribed time period, (2) it has to be the record property owner,
and (3) it has to have exhausted its administrative remedies by protesting the
initial valuation before the appraisal review board.  See id.
at *6 (distinguishing Womack Machine,
which did not require specific statutory prerequisites to invoke trial court’s
jurisdiction, and Ealey, in which
party seeking relation back was involved in administrative hearing process and,
thus, was proper party to seek judicial review).Here, Maxima timely filed a
petition for review, but it was not the record owner of the property, and
therefore it was not the proper party either to protest the appraised value or
to seek judicial review of the Board’s valuation determination, and Storguard
did not itself complete the administrative protest process.

As in GSL Welcome, Storguard asserts that it, as the property owner, was
the “actual party that exhausted administrative remedies and pursued the
judicial appeal.”  2010 WL 4484361, at *6.  We note that Maxima Communications
Corporation—the party that completed the
administrative protest process, initiated the suit for judicial review, and
maintained an ownership interest in Storguard—and Storguard Investments, LLC—the property owner and substituted plaintiff—are separate and distinct legal entities.  See
Laidlaw Waste Sys., 907 S.W.2d at 17 (“In Texas, for the purpose of legal
proceedings, subsidiary corporations and parent corporations are separate and
distinct ‘persons’ as a matter of law. 
The separate entity of corporations will be observed by the courts even
in instances where one may dominate or control, or may even treat it as a mere
department, instrumentality, or agency of the other.”); see alsoTex. Bus. Orgs. Code
Ann. § 101.106(b) (Vernon Supp. 2011) (“A member of a limited
liability company . . . does not have an interest in any
specific property of the company.”).Because Maxima and Storguard are distinct
entities and have separate corporate existences, Storguard, the record property
owner, cannot rely on Maxima’s conduct to satisfy the jurisdictional
prerequisites of completing the administrative protest process before the Board
and timely filing a suit for review in the district court.  See GSL
Welcome, 2010 WL 4484361, at *6;Laidlaw
Waste Sys., 907 S.W.2d at 17 (“As a result of the separate existence of
Laidlaw Delaware, neither Laidlaw Texas nor Four-S could rely upon the filing
of the appeal by Laidlaw Delaware to perfect its appeal of the ‘Orders
Determining Protest’ for the tax years 1990 and 1991.”).

Newly-enacted section 42.016 allows
a party seeking judicial review of an appraisal review board order to intervene
in the judicial review proceeding without itself completing the administrative
protest process, as long as someonewith
standing pursues an administrative protest. 
SeeTex. Tax Code Ann. § 42.016 (“A person is entitled to
intervene in an appeal . . . if the property that is the
subject of the appeal was also the subject of a protest
hearing . . . .”). 
As we have already noted, however, Maxima lacked standing both to protest
the appraised value to the Board and to seek judicial review of the Board’s
final decision.  See Timbercreek, 312 S.W.3d at 727. 
Further, the Legislature’s amendment to Tax Code section 41.44, which
would allow a person in Maxima’s position to properly protest a property’s
initial value before an appraisal review board, does not apply to Maxima.  See
Act of May 25, 2011, 82d Leg., R.S., ch. 771, § 20(c), 2011 Tex. Sess. Law
Serv. at 1801 (noting that amendment to section 41.44 applies only to administrative
protests pending on effective date of Act, September 1, 2011, or protests filed
on or after effective date).  Thus, no
proper administrative protest occurred in this case, and, therefore, there is
no protest on which Storguard can rely to give it standing pursuant to section
42.016.Allowing relation back of the amended petition in this case does not
cure the jurisdictional defect.See GSL
Welcome, 2010 WL 4484361, at *5–6.

We hold that because Maxima lacked
standing to administratively protest the initial appraised value before the
Board and to seek judicial review of the Board order, the trial court correctly
granted HCAD’s plea to the jurisdiction.

We overrule Storguard’s first and
second issues.

Rule 28 Substitution

          In
its third issue, Storguard contends that the trial court should have allowed
Storguard to substitute as a plaintiff pursuant to Rule 28, because Rule 28 allows
a plaintiff to sue in its assumed or “common name” and then substitute its
“true name” later in the proceeding. 
Storguard argues that because HCAD’s records continued to list Maxima as
the owner of the property, instead of reflecting the change in ownership when
Maxima sold the property to Storguard in June 2003, “Maxima Communications
Corp.” is the “common name” of Storguard Investments, LLC.

          Rule
28 provides:

Any partnership,
unincorporated association, private corporation, or individual doing business
under an assumed name may sue or be sued in its partnership, assumed or common
name for the purpose of enforcing against it a substantive right, but on a
motion by any party or on the court’s own motion the true name may be
substituted.

 

Tex. R. Civ. P. 28.  To take advantage of Rule 28, “there must be
a showing that the named entity is in fact doing
business under that common name.”  Timbercreek, 312 S.W.3d at 730 (quoting Seidler v. Morgan, 277 S.W.3d 549, 553
(Tex. App.—Texarkana 2009, pet. denied)). 
In Seidler, the Texarkana
Court of Appeals concluded that although third parties may commonly and
informally use the name of the particular premises to refer to the business
located at that premises, this by itself “does not mean that the name of the
site and the type of business conducted there is ‘doing business as.’”  277 S.W.3d at 553; see also Howell v. Coca-Cola Bottling Co., 595 S.W.2d 208, 212
(Tex. Civ. App.—Amarillo 1980, writ ref’dn.r.e.) (“In summary, we hold rule 28
is not applicable to this case, because nothing in the record indicates the two
corporations in question were doing business under an assumed or common
name.”).  Whether an entity does business
under an assumed or common name is a question of fact for the trial court.  Sixth
RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003).

          In Timbercreek, we held that the appropriate
Rule 28 inquiry is not whether HCAD refers to or addresses an entity by a
particular common name, but whether the entity actually does business under
that common name.[4]312
S.W.3d at 730.  Here, Storguard made no
showing that (1) it was doing business under the common name of Maxima, (2) it
held itself out to the public as Maxima, or (3) it requested that HCAD refer to
it as Maxima in its records.  See id.at 731.  HCAD’s appraisal records, account statements,
property tax statements, notice of appraised value, and order determining
protest might be some evidence that HCAD refers to Storguard as Maxima, but,
without more, it is not evidence that Storguard does business under the common
name of Maxima.  Compare id. at 730 with Sixth
RMA Partners, 111 S.W.3d at 52 (concluding that Sixth RMA Partners
conducted business under name of RMA Partners when it presented evidence that
it used RMA stationary, sent demand notices and referrals on RMA letterhead and
used RMA’s business address, and payments on Sixth RMA-owned notes were made to
RMA) and Chilkewitz v. Hyson, 22
S.W.3d 825, 829 (Tex. 1999) (concluding Rule 28 applicable when one-member
professional association used stationary and phone number containing name of
member).  HCAD, by its actions alone, cannot
determine that Storguard does business under the common name of Maxima; only
Storguard “can establish whether it will operate its business under an assumed
or common name.”  See Timbercreek, 312 S.W.3d at 731; see also Tourneau Houston, Inc., 24 S.W.3d at 909 (“HCAD cannot
designate an agent for Tourneau, Inc. 
Only the owner, Tourneau, Inc., can do that.”).

          We
hold that Storguard presented no evidence that it does business under the
common name of Maxima.[5]  Thus, under these facts, Rule 28 is not applicable
and does not permit the substitution of the “true name” of Storguard for the
“common name” of Maxima.  We hold that Storguard
was not entitled to substitution pursuant to Rule 28.

          We
overrule Storguard’s third issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Baker.[6]

 











[1]           Although Maxima’s original petition
listed both the Harris County Appraisal District and the Harris County
Appraisal Review Board as defendants, the record does not indicate that the
Board received service of citation or appeared in the proceeding.  An appraisal review board is not a necessary
party to a petition for judicial review of the board’s order.  Tex.
Tax Code Ann. § 42.21(b) (Vernon Supp. 2011).  Because the Board is not a necessary party to
the appeal and the record does not affirmatively demonstrate that the Board was
served or that it appeared, we hold that HCAD is the only appellee properly
before the court.  See KM-Timbercreek, LLC v. Harris Cnty. Appraisal Dist., 312 S.W.3d
722, 724 n.1 (Tex. App.—Houston [1st Dist.] 2009, no pet.).





[2]           In 2009, the Texas Legislature
amended section 42.21(a) to extend the time period to file a petition for
review from forty-five days to sixty days from receipt of the Board’s
order.  SeeTex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2011); Act of May 29, 2009, 81st Leg., R.S., ch.
905, § 1, 2009 Tex. Gen. Laws 2435, 2435. 
Although we decide this case under the law in effect at the time of
Maxima’s petition to the district court in September 2008, we note that
Storguard, the record owner of the property, did not attempt to join as a
plaintiff until April 2010, well after both of the time periods had
expired.  See Act of May 29, 2009, § 4, 2009 Tex. Gen. Laws at 2435–36.





[3]           See,
e.g., Timbercreek, 312 S.W.3d at
726–28; Woodway Drive LLC v. Harris Cnty.
Appraisal Dist., 311 S.W.3d 649, 652–53 (Tex. App.—Houston [14th Dist.]
2010, no pet.); see also GSL Welcome BP
32 LLC v. Harris Cnty. Appraisal Dist., No. 01-10-00189-CV, 2010 WL
4484361, at *2 n.3 (Tex. App.—Houston [1st Dist.]Nov. 10, 2010, no pet.) (mem.
op.) (collecting cases).





[4]           Contrary to Storguard’s assertion, we
have never held that Rule 28 applies only to situations in which the party has
filed a formal assumed name certificate. 
A plaintiff can sue in its informal “common name” and substitute its
true name later in the proceeding pursuant to Rule 28; however, the plain
language of Rule 28 provides that, to take advantage of this substitution
mechanism, the plaintiff must establish that it is “doing business under” the
common name.  Tex. R. Civ. P. 28; see
also Howell v. Coca-Cola Bottling Co., 595 S.W.2d 208, 212 (Tex. Civ.
App.—Amarillo 1980, writ ref’dn.r.e.) (noting that, in previous El Paso Court
of Civil Appeals case involving two companies “actually doing business under a
common name,” the El Paso court “correctly applied” Rule 28 and limited its
application to “instances of doing business under” an assumed or common name)
(citingCohen v. C.H. Leavell& Co.,
520 S.W.2d 793, 796 (Tex. Civ. App.—El Paso 1975, no writ)).





[5]           Storguard cites two cases from the
Fourteenth Court of Appeals to support its contention that Rule 28 applies to
this case.  In CA Partners v. Spears, 274 S.W.3d 51 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied), our sister court noted that Rule 28 provides that
“an individual doing business under an
assumed name may be sued in his assumed name” and held that CA Partners, a
sole proprietorship, presented evidence that its owner used CA Partners as an
assumed name while in the business of collecting debts.  274 S.W.3d at 69 (emphasis added).  This decision emphasized that, to take
advantage of Rule 28, there must be a showing of “doing business under” the
assumed name.  See id.  The Fourteenth
Court’s decision in Clearview Properties,
L.P. v. Property Texas SC One Corp. did not address Rule 28 at all, but
instead held that a second service of citation is not necessary after discovery
of a misnomer.  287 S.W.3d 132, 142 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied).

 





[6]           The Honorable Caroline E. Baker,
Judge of the 295th District Court of Harris County, Texas, participating by
assignment.SeeTex. Gov’t Code Ann. § 74.003(h) (Vernon 2005).